**AUBREY et al. v. DUNNAHOO et ux.**

**No. 8172.**

Court of Civil Appeals of Texas. Austin.
Jan. 29, 1936.

Dilworth & Marshall, of San Antonio, for appellants.

Allen, Helm, Jacobs & Settegast, S. M. Helm, and J. G. Howard, all of Houston, for appellees.

BAUGH, Justice.

Appeal is from a default judgment in favor of appellees against appellants.

This suit was originally filed in the district court of San Saba county on January 20, 1933, by J. A. Dunnahoo and wife for damages, predicated upon negligence, resulting from the death of their son. The original defendants were R. D. Aubrey, alleged to be the owner and operator of a motor freight transportation line over the highways of Texas; Walter Koon, alleged to be the agent and servant of Aubrey and operating one of his trucks at the time of the accident; and Lloyds America, alleged to be the liability insurance carrier for Aubrey under the requirements of section 13 of the Motor Carrier Law, as variously amended (article 911b, § 13, Vernon's Ann.Civ.St.). On April 11, 1933, Lloyds America filed two pleas: (1) A plea of privilege to be sued in Bexar county, Tex.; and (2) a plea in abatement, setting up misjoinder of parties and of causes of action. On April 24, 1933, the defendants Aubrey and Koon filed a plea in abatement setting up a misjoinder of parties and of causes of action. The plea of privilege was controverted, and on May 8, 1933, the trial court entered an order continuing the plea of privilege, without prejudice, to the first day of the next regular term of said court.

On November 6, 1933, at such next term, the court entered another order continuing the plea of privilege and controverting plea, without prejudice, to the first day of the next regular term of said court, which convened on April 23, 1934. On that day the plaintiffs filed an amended petition assert-

ing a cause of action only against Aubrey and Koon, in effect dismissing Lloyds America, and at the same time moved for a default judgment against Aubrey and Koon on the ground that they had not answered to the merits of the original petition. The trial court refused to grant Aubrey permission to file an answer to the merits which he then and there tendered for filing, and refused to grant Koon time to prepare and file an answer. None of the pleas in abatement nor the plea of privilege had been acted upon. It appears that none of the defendants had any notice of the filing of the amended petition until the case was called for trial. An answer by Aubrey, already prepared, was tendered; and the defendant Koon, who was present in open court, in person and by attorney, asked leave to answer, before motion for default judgment was acted upon, and before any judgment or ruling was made by the court upon any pleadings then on file.

After the trial court had granted plaintiffs a default judgment, plaintiffs asked for a jury to assess the amount of the damages. Thereupon the trial court refused to permit the appellants to examine the jury panel on voir dire, to test their qualifications, to exercise any challenges for cause or otherwise, to cross-examine any witnesses called by appellees, or to introduce any evidence in their own behalf as to the damages to be assessed against them. The damages to be assessed were submitted to the jury upon special issues with explanatory charges by the court. Though requested by appellants to do so, the trial court refused to submit its charge to appellants, defendants below, for their inspection, or to permit them to examine same or to make any objections thereto. In brief, the defendants were refused the right to participate in any manner in a suit against them for unliquidated damages, wherein a jury was required to ascertain same, though they were at all times present in court in person and by counsel seeking to do so.

Appellants, through bills of exception, present the actions of the trial court in the various matters above set out, and severally urge errors with respect thereto. In addition, they complain of the charge of the trial court and the special issues submitted to the jury as submitting an improper measure of damages. We do not deem it necessary to here set out or discuss the various errors assigned nor the authorities cited in support of same, since counsel for appellees in oral argument confessed errors of the trial court in the various respects charged, except that they contend that, because Koon did not tender to the court for filing, prior to the rendition of the default judgment, an answer to the merits, but merely asked in open court for permission to do so, the default judgment against him should be sustained, leaving upon a reversal hereof, as to him, only the ascertainment by a jury under a proper charge of the amount of such damages to be awarded to the plaintiffs against him.

This contention is not sustained. It is now settled that, in order to prevent a default judgment against him under article 2154, R.S.1925, a defendant is entitled to file his answer at any time before such judgment is actually taken. World Co. v. Dow, 116 Tex. 146, 287 S.W. 241; 25 Tex.Jur. 394; 33 Tex.Jur. 486, and cases there cited. The plea in abatement of the insurance company and that of the defendants Aubrey and Koon were, under the holdings of the Supreme Court in Grasso v. Cannon Ball Motor Freight Lines, 81 S.W.(2d) 482, good, and should have been sustained.

The defendants Aubrey and Koon were not required, therefore, to answer to the merits until such plea was acted upon. This was never done. Not until the day the case was set for trial, that is, April 23, 1934, did the plaintiffs file any pleading which would render it necessary for the defendants Aubrey and Koon to answer to the merits. They had a right up to that time to have their plea in abatement first acted upon. The filing of the amended petition by the plaintiffs thus created a new situation with which they had not theretofore been confronted, and without which no judgment by default could have been properly rendered against them. Certainly they were entitled to a reasonable time in which to prepare and file proper pleadings to meet the changed situation brought about wholly by the amended pleadings that day filed by the plaintiffs themselves. Under the rule announced in the above-cited authorities, the defendant Aubrey, who was present in court in person and by counsel with his answer prepared, was entitled as a matter of right and of law to file same. Under the same authorities we think the defendant Koon, present in person and by counsel, whose defenses were obviously the same as those of Aubrey, was entitled to a reasonable time, after the new situation was created by the filing of plaintiff's amended petition, to prepare and file a proper answer thereto. Or, if it be conceded that per-

mission to do so was a matter within the sound discretion of the trial court, and not a matter of right, under the undisputed facts disclosed by the bills of exception, we think there was a clear abuse of such discretion by the trial court in the instant case.

The judgment of the trial court will therefore be reversed and the cause remanded for trial.

Reversed and remanded.