Louis GRAMMAR, Appellant,

v.

William J. HOBBY, Appellee.

No. 12733.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 2, 1955.

Rehearing Denied March 3, 1955.

G. Woodson, Morris, William W. Beuhler, San Antonio, for appellant.

McGown & McGown, San Antonio, for appellee.

W. O. MURRAY, Justice.

This suit was instituted in the District Court of Bexar County by William J. Hobby against Louis Grammar on August 21, 1953, seeking to recover a judgment for not less than $9,800, together with attorney's fees, and for foreclosure of a Mechanic's Lien against certain real property described in the petition. Citation was not issued until January 6, 1954, on which date it was served upon the defendant. The defendant filed no answer, and on February 1, 1954, judgment was rendered by default in plaintiff's favor, together with attorney's fees, interest and court costs.

On February 3, 1954, defendant filed a motion to set aside the default judgment and for a new trial. On February 12, 1954, plaintiff filed his reply to this motion. After a hearing, on February 17, 1954, the trial court overruled the motion to set aside the judgment by default, and defendant has perfected this appeal.

The evidence shows that when this controversy arose Floyd McGown, Jr., Esq., as attorney for plaintiff, and William W.

Beuhler, Esq., as attorney for defendant, began negotiations looking to a settlement in June, 1953. These negotiations continued until August 21, 1953, when counsel for plaintiff filed suit, furnishing opposing counsel with a copy of the petition. Opposing counsel then and there told attorney for plaintiff it would not be necessary to issue citation as he would file an answer. No answer having been filed, on January 6, 1954, plaintiff's counsel caused citation to issue and be served upon defendant. After several days, defendant delivered the citation to one Perkins with a request that Perkins deliver it to his attorney, Beuhler, but this Perkins failed to do for some time. On Thursday, January 28th, Perkins, while talking to Beuhler over the telephone about other matters, told him that the defendant, Grammar, had left a citation with him, which was the first information that Beuhler had that a citation had been issued and served on defendant. He learned from Perkins that he had been in possession of the citation for about a week and Beuhler presumed from this that he had about ten more days within which to file an answer. Beuhler asked Perkins to get the citation to him at once, which Perkins agreed to do. However, on Friday, January 29th, Perkins sent a messenger boy to Beuhler's office to pick up some other papers but he did not send the citation. On Saturday Perkins was not in his office, so Beuhler called him Monday morning and again asked him to send the citation, which Beuhler finally received Monday afternoon, February 1, 1954, being the same day on which judgment by default was rendered against defendant, Grammar. As before stated, a motion to set aside default judgment was filed on February 3, 1954. It was not necessary for Beuhler to have the citation before he could file an answer, because he had a copy of plaintiff's petition and could have at least filed a formal answer in plenty of time to avoid a default judgment after he had learned of the issuance of citation. During the negotiations, which had lasted from June, 1953, to February, 1954, the relations of the two attorneys had been friendly and cordial, and Beuhler had not expected Mc-Gown to take a default judgment without informing him in some way that he intended to do so. There was much testimony given by both sides at the hearing, but the above statement is sufficient to show the facts as they were presented to the trial judge at the time he overruled the motion to set aside the default judgment.

It is clear that the motion to set aside the default judgment was filed at the same term of court at which the default judgment was rendered, and within the period allowed for filing motions for a new trial, therefore, the strict rules applied to such motions filed after term time in the nature of a bill of review do not apply here.

██ The rule governing the situation here is stated in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126, as follows:

"Trial judges desire and are entitled to have a principle or rule to guide them, and we, therefore, re-announce, in slightly changed language the rule established by the above authorities, as follows: A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

This rule requires four things before a default judgment will be set aside:

(1) The failure to file an answer must not have been intentional or the result of conscious indifference on the part of the defendant.

(2) It must have been due to a mistake or an accident.

(3) The motion must set up a meritorious defense.

(4) The motion must be filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

It is conceded here that the answer did set up a meritorious defense, so the third requirement was met and need not be further discussed.

■ The failure to file an answer was not intentional, but there was ample evidence to support an implied finding by the trial court, whose duty it was to weigh the evidence, that such failure was the result of a conscious indifference on the part of the defendant, his agent, Perkins, and probably also of counsel. The defendant admitted that he realized that the citation served upon him was an important paper and one that required an answer within a limited time. He did not take this important paper to his lawyer himself, but delivered it to a friend, one Perkins, whom he trusted to see that it was delivered to his lawyer. He never called his attorney to tell him of this arrangement. Defendant's attorney learned of the issuance of the citation on Thursday before the default judgment was taken on the following Monday. He could have filed a sufficient answer to have avoided a default judgment but did not. He made no inquiry of either the defendant or Perkins to find out when the citation was issued or when appearance day would be, but simply presumed, because Perkins had been in possession of the citation for only one week, that he had at least ten more days within which to file an answer. Beuhler contends, in effect, that he was misled by McGown as the result of a conversation he had with McGown on the street. The exact date of this conversation is not fixed by either attorney, but McGown thinks it was on or before January 6th, and Beuhler, on or about January 26th. The substance of this conversation was that Beuhler said, "I am sorry I have not filed an answer yet but I am going to do it." McGown made no reply but by his conduct indicated that he had heard and understood the statement. Beuhler's contention is that if McGown was contemplating the taking of a default judgment, due to their friendly and cordial relations, he should have then and there told him so. McGown was under no such duty. He had waited for several months for Beuhler to file an answer. He had told Beuhler that his client was becoming dissatisfied with so much delay. He had caused a citation to issue, which spoke louder than words, in effect, that he was no longer relying upon Beuhler's promise to file an answer without the necessity of the issuance of a citation. He had a right to presume this citation would be promptly delivered to Beuhler by appellant. The appellant knew the citation had been issued, because it was served upon him, and Beuhler learned of such fact in plenty of time to have filed an answer before appearance day. The evidence is sufficient to support an implied finding by the trial court to the effect that the failure to file a timely answer herein was due to the conscious indifference of the defendant, his agent, Perkins, and perhaps his counsel, as we understand that term.

In any event, the failure to file an answer was not the result of a mistake or accident. It was the result of Perkins' failure to deliver the citation to Beuhler or to see that it was done, and Beuhler's failure to determine when appearance day would be.

Furthermore, the evidence is sufficient to support a finding of the trial court that the granting of the motion would occasion delay and otherwise work an injury to plaintiff.

Under the evidence, we cannot say that the trial court abused his discretion in overruling the motion to set aside the judgment by default and for a new trial.

■ Appellant next contends that the judgment is excessive in that the petition only asks for the sum of $9,800, together with attorney's fees, etc., while the judgment was for $12,600, together with attorney's fees, etc. In his prayer plaintiff

asked for a judgment of not less than $9,800, and this did not limit the amount of recovery and did not put a ceiling on the amount asked for, as was the case in Williams v. Wyrick, Tex.Civ.App., 242 S.W.2d 669, affirmed by the Supreme Court, 151 Tex. 40, 245 S.W.2d 961. The prayer not having put a limit upon the amount asked for, we may turn to the other allegations in the petition to see if a greater amount is there plead. After reading plaintiff's petition and giving effect to all of its parts, we are unable to say that judgment in a greater sum than $9,800, together with interest, costs, etc., was asked for. Accordingly, appellee will be required to file a remittitur in the sum of $3,020, which includes $2,800 principal and $220 interest, within ten days after this opinion is rendered, or the entire judgment will be reversed and the cause remanded for a new trial.

Appellant also contends that the trial court erred in granting a foreclosure of the mechanic's lien for more than $4,600. Only $4,600 of the indebtedness was secured by the mechanic's lien, and the foreclosure should have been for this amount, together with attorney's fees and interest. The judgment will be reformed in this respect, provided the above remittitur is timely filed, otherwise, as above stated, the judgment will be reversed and the cause remanded.

Reformed, amended, and as reformed and amended the judgment is affirmed, provided the remittitur is timely filed.

### Upon Remittitur and Appellant's Motion for Rehearing.

As appellee on February 4, 1955, within the time limit prescribed, filed a remittitur in the amount suggested by the Court, the judgment of the trial court as reduced by such remittitur, is affirmed.

Appellant, in his motion for a rehearing, calls our attention to the fact that we were in error in finding that, "so far as this record shows, he never inquired of Perkins whether he had delivered the citation." This finding has been withdrawn and has

been stricken from our original opinion. The withdrawal of this finding in no way affects our decision of the cause.

We have carefully considered appellant's motion for a rehearing and the same is overruled.