**Imogen Y. SCHULZ, et al., Petitioners,**

**v.**

**Ronald Henry SCHULZ, Respondent.**

No. 3–86–059–CV.

Court of Appeals of Texas, Austin.

March 4, 1987.

Basil H. Taylor, San Antonio, for Imogen Y. Schulz.

William Richard Davis, Gardner, Ferguson, Sommers & Davis, San Antonio, attorneys ad litem, for Kelsey Nicole Schulz.

Edwin J. (Ted) Terry, Jr., Austin, for respondent.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

BRADY, Justice.

This is an appeal by writ of error from a decree of divorce rendered in default by a Travis County district court in favor of respondent Ronald Schulz. The challenged decree dissolved the marriage of respondent Ronald Schulz and petitioner Imogen Schulz and also named Ronald Schulz as managing conservator of the Schulz' child, Kelsey Nichole Schulz. Petitioner Imogen Schulz challenges the jurisdiction of the trial court on the ground that there was already another suit for divorce and suit affecting the parent-child relationship pending in Bexar County at the time the judgment below was rendered. Petitioner also asserts that service of process in the Travis County suit was defective. We reverse the judgment and remand this cause to the trial court.

During their marriage, the parties lived in Travis County with their two-year-old daughter. In February of 1986, petitioner separated from her husband and took their two-year-old daughter to live with her in San Antonio. On March 4, 1986, although she had not resided in San Antonio long enough to meet the ninety-day residence requirement, *see* Tex.Fam.Code Ann. § 3.21 (1975), petitioner allegedly filed a suit for divorce in the district court of Bexar County. Petitioner joined with the divorce action a suit affecting the parent-child relationship seeking managing conservatorship of their child. Petitioner asserts that respondent Ronald Schulz was served with notice of the Bexar County suit on March 7, 1986. No findings of fact or exhibits appear in the record before us to confirm the existence of this suit.

On March 10, 1986, Ronald Schulz filed the instant cause in Travis County seeking a divorce and joining with it a suit affecting the parent-child relationship. Unlike Imogen Schulz, respondent met the residency requirements to bring a suit for divorce, having resided in Travis County for more than ninety days. Respondent attempted service on petitioner Imogen Schulz and, on the day the default judgment was rendered, petitioner filed plea to the jurisdiction and a motion to quash service in the Travis County suit. Apparently, unaware of petitioner's motions and believing petitioner in default, the trial court granted a decree of divorce after a trial, the date and time of which, petitioner never received notice. Later the trial court overruled a motion to set aside the decree in which the plea to the jurisdiction and motion to quash were re-asserted.

At the outset, we note that the "plea to the jurisdiction" filed by Imogen Schulz was actually a plea in abatement despite its appellation. The text of the instrument alleges that a suit for divorce and a suit affecting the parent-child relationship are pending in another county. The pendency of another action containing the same issues and parties is properly brought to the attention of the trial court by means of a plea in abatement. *See* McDonald, Texas Civil Practice § 7.09 (1982); *see also Rosenfield v. Childs*, 304 S.W.2d 391, 393 (Tex.Civ.App.1957) (plea of res judicata was "sufficient as a plea in abatement because among other things it allege[d] the pendency of prior suit."). While both are dilatory pleas, a plea to the jurisdiction is properly employed to urge that a court lacks subject matter jurisdiction over the controversy, McDonald, § 7.07—D, whereas a plea in abatement, if sustained, would merely require an abatement of the claim or cause of action until some obstacle to its further prosecution is removed. *Texas Highway Dept. v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967). Therefore, regardless of its title, the instrument filed by appellant asserting the pendency of the prior action was a plea in abatement.

■ Appellant's plea in abatement constituted an answer and thus an appearance in the instant cause. *Martinec v. Maneri,* 494 S.W.2d 954, 955 (Tex.Civ.App.1973, no writ). Because petitioner appeared in the trial court, all complaints concerning defective service are waived. Tex.R.Civ.P.Ann. 121 (1979). The appearance and answer of the defendant does, however, call into question the propriety of rendering a judgment by default.

■ The rules governing judgments by default allow a trial to be held without notice to the defendant only where proof of proper service has been on file with the court for ten days, exclusive of the day of filing and day of judgment, and the defendant has not "previously filed an answer." *See* Tex.R.Civ.P.Ann. 107 and 239 (1979). In this case, an answer was on file before the judgment was rendered by the trial court. Although the trial court was apparently unaware that petitioner had answered at the time the decree was rendered, that fact was made known to the court at a subsequent hearing on petitioner's motion to set aside the decree of divorce. Because petitioner answered before the decree was rendered, the case was not properly within the ambit of Rule 239; *Martinec v. Maneri, supra,* thus, no trial should have been had without the ten days notice required in all "contested" cases by Tex.R.Civ.P.Ann. 245 (1986). Accordingly, the trial court should have set aside the Final Decree and granted a new trial and a hearing on petitioner's plea to the jurisdiction.

■ Although we hold petitioner appeared in the instant cause, we do not hold that appearance deprives petitioner of the right to pursue this appeal by writ of error. Under Tex.R.App.P.Ann. 45(b) (1987), to appeal a final judgment by writ of error, the petitioner must not have participated "in the actual trial of the case in the trial court ..." Participation in the actual trial has been construed to require more than the mere filing of an answer. *Phillips Petroleum Co. v. Bivins,* 423 S.W.2d 340, 343 (Tex.Civ.App.1967, writ ref'd n.r.e.); cited with approval in *Stubbs v. Stubbs,* 685 S.W.2d 643, 645 (Tex.1985). Here, the record reveals that the plea to the jurisdiction was filed at 8:05 A.M. on May 12, 1986. The decree of divorce, signed by the trial judge, was also filed on May 12, 1986, at 8:50 A.M. and recited that petitioner "although duly cited and served did not appear and wholly made default." It is clear that petitioner did not participate in the trial of the case although she had answered by way of her plea to the jurisdiction shortly before the case was heard.

Petitioner's other points of error address matters raised by her plea to the jurisdiction filed in the lower court. Since the trial court never addressed these issues nor made any findings of fact concerning the existence or non-existence of another suit containing the same issues and parties, we do not express an opinion on these points. We reverse the judgment of the trial court and remand this cause for further proceedings not inconsistent with this opinion.