Bruce **JEFFERIES, d/b/a Jefferies Magic Motors, Appellant,**

v.

**David B. DAVIS, d/b/a Davis Motor Company, Appellee.**

**No. 13–88–003–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Rehearing Denied Oct. 20, 1988.

Ken Dahlberg, Wood & Burney, Corpus Christi, for appellant.

Michael P. O'Brien, Corpus Christi, for appellee.

Before SEERDEN, UTTER· and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellant contests a default judgment by writ of error and by appeal, having filed responsive pleadings before its entry. We reverse the judgment and remand the cause.

Point one contends that appellant has met the requirements for a writ of error. To sue out a writ of error, a party to the lawsuit, who did not participate in the trial, must file a petition within six months of the judgment, and error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex. 1985); Tex.R.App.P. 45. The parties disagree on whether error was apparent from the face of the record. Appellant alleges that the error was that the default judgment was heard and granted after he had filed responsive pleadings.

Appellant received citation on August 31, 1987, and his answer was due on September 21, 1987. Appellee set a hearing for 1:30 p.m. September 23, 1987, and obtained a default judgment. However, at 11:10 a.m. on September 23, 1987, appellant had filed an answer, which the trial court apparently overlooked.

Appellant points out that a trial court may not enter a default judgment when a defendant has filed an answer, even if it is filed late. *World Co. v. Dow*, 116 Tex. 146, 287 S.W. 241, 243 (Comm'n App.1926, opinion adopted); *Schulz v. Schulz*, 726 S.W.2d 256, 258 (Tex.App.—Austin 1987, no writ); *Terehkov v. Cruz*, 648 S.W.2d 441, 442 (Tex.App.—San Antonio 1983, no writ); *Aubrey v. Dunnahoo*, 90 S.W.2d 611, 612 (Tex.Civ.App.—Austin 1936, no writ); Tex. R.Civ.P. 239.

Documents are considered filed when they are tendered to and received by the district clerk. *Standard Fire Insurance Co. v. LaCoke*, 585 S.W.2d 678, 680–81 (Tex.1979); *Arndt v. Arndt*, 709 S.W.2d 281, 282 (Tex.App.—Houston [14th Dist.] 1986, no writ).

Appellee argues that the rendering of a default judgment is reversible only if the trial court was aware of the defendant's pleadings when rendering it. However, we have found no requirement of trial court awareness in Rule 239, and in *Schulz*, the appellate court reversed a default judgment rendered after a defendant filed a pleading but without the trial

**8**

court's awareness of the filing. *Schulz,* 726 S.W.2d at 258.

Appellee claims this Court discussed the situation in *Conrad v. Orellana,* 661 S.W.2d 309, 312–13 (Tex.App.—Corpus Christi 1983, no writ). Although also a post-answer default case, *Conrad* is distinguishable in that the default was granted on the grounds of the defendant's failure to appear rather than any perceived failure to answer. Moreover, it is a bill of review case in which we found the attorney lacked diligence in apprising himself of any settings for approximately three months.

■ In a petition for writ of error proceeding, appellant does not have to negate an issue of his own negligence or prove a meritorious defense. *Smith v. Smith,* 544 S.W.2d 121, 123 (Tex.1976); *Pace Sports, Inc. v. Davis Brothers Publishing Co.,* 514 S.W.2d 247, 248 (Tex.1974); Tex.R.App.P. 45.

■ Appellee questions generally whether error was apparent from the face of the record. The record includes all of the papers filed with the reviewing court. *Smith,* 544 S.W.2d at 123; *Transport Concepts, Inc. v. Reeves,* 748 S.W.2d 302, 304 (Tex.App.—Dallas 1988, no writ). This includes both the transcript and the statement of facts of hearing testimony. *Morales v. Dalworth Oil Co.,* 698 S.W.2d 772, 774 (Tex.App.—Forth Worth 1985, writ ref'd n.r.e.); *see Mountain Corp. v. Rose,* 737 S.W.2d 22, 24 (Tex.App.—El Paso 1987, writ denied). At the hearing to reconsider the motion to vacate the default judgment, appellant showed that the answer was delivered to the district clerk's office before the hearing at which the court granted the default. We sustain point one.

By motion, appellee urges us to dismiss the appeal for want of jurisdiction, claiming that appellant has failed to file a sufficient cost bond to perfect either an ordinary appeal or a writ of error. Tex.R.App.P. 40(a)(1); Tex.R.App.P. 45(h).

■ Appellee objects that appellant has not signed the bond. It is signed, "Ken Dahlberg for Bruce Jefferies." This functions as Jefferies' signature. Appellee

next claims that appellant has attempted to substitute his attorney as principal by the signature, and that Tex.R.Civ.P. 142 does not allow this. The signature is clearly intended to bind Jefferies. Moreover, Tex.R.Civ.P. 142 does not apply to the appellate bond.

■ Appellant argues that the bond does not indicate that Patty J. Kingsbury, attorney in fact for Lawyer's Surety Corporation, was authorized to make, execute, and deliver the bond. He also claims that the bond fails to give the post office address of each surety as Tex.R.App.P. 46(a) requires. Although we could require appellant to cure these defects, Tex.R.App.P. 46(f), we decline. We find that we have jurisdiction and deny appellee's motion.

We also decline to rule on appellant's points two, three, and four, brought by appeal, as they are not necessary to disposition of the cause. Tex.R.App.P. 90(a). We REVERSE the judgment and REMAND the cause for trial.