Jose Francisco **MOYA**, Appellant,

v.

**Flora Estella LOZANO and Manuel Lozano, Appellees.**

**No. 13–94–186–CV.**

Court of Appeals of Texas, Corpus Christi.

Feb. 15, 1996.

Jo Chris G. Lopez, San Antonio, for appellant.

Ernesto Gamez, Jr., Sandra Zamora, Brownsville, R. Brian Hunsaker, Los Fresnos, for appellees.

Before SEERDEN, C.J., and DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

The trial court entered a default judgment of $60,600 against appellant Jose Moya after appellant failed to answer appellee's suit for negligence. By a single point of error, appellant complains that the trial court erred by overruling his motion for new trial. We reverse.

### Background

Appellant was driving his truck when it collided with a car in which appellee was a passenger. Appellee was injured in the accident. From that date forward, Allstate Insurance Company, appellant's insurance carrier, was in negotiation with appellee. Almost 16 months after the accident, appellee sued appellant. Appellant was served

with the citation at his home. Upon receiving the petition, appellant consulted with his father about what to do. Appellant believed that Allstate had received notice of the suit and would handle the suit for him, as it had been in negotiation with appellee since the date of the accident. Appellant left the documents with his father and took no further action until after the trial court entered the default judgment. Appellant's father took the citation to appellant's insurance agent on December 17, 1993, the day after the default judgment was entered.

Several days earlier, on December 10, 1993, appellee's counsel had faxed a copy of the petition to Allstate. The copy was forwarded to a senior claims representative on December 13, but the representative was out of the office due to illness. When the representative returned on December 14, she reviewed the copy of the petition and noticed that the appellant had already been served. She transferred the petition to another employee to prepare the document for outside defense counsel. On December 15, the document was returned to the claims representative for delivery to defense counsel. The representative hand-delivered the petition to defense counsel the following day, December 16. Defense counsel immediately contacted the clerk of the district court, and was incorrectly informed that appellee's counsel had taken no action on the suit since filing it and serving citation on the appellant. That same day, default judgment was entered against the appellant. The next day, appellant's defense counsel filed an original answer to the petition.

## Motion for New Trial

Appellant moved to set aside the default judgment and requested a new trial, alleging that his failure to answer was the result of an accident or innocent mistake rather than intentional or conscious indifference, that he had a meritorious defense to the negligence cause of action, and that a new trial would occasion neither delay nor prejudice to the appellee. These allegations fulfill the *Crad-*

*dock* elements for seeking a new trial after entry of a default judgment.[1] In support of his motion, appellant attached his affidavit and those of his father and the Allstate claims representative. Appellee opposed the motion but did not contradict appellant's contention that he believed his insurance company had been served and would handle the suit for him.

After a hearing, the court denied the motion. Appellant's sole point of error on appeal is that the trial court erred in denying his motion to set aside the default judgment and his request for new trial.

## Review on Appeal

A trial court may within its discretion deny a motion for new trial, and this denial will not be disturbed on appeal absent an abuse of that discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984). In order to set aside a default judgment, the appellant must establish: (1) that its failure to answer was neither intentional nor the result of conscious indifference, but was due to mistake or accident, (2) that it has a meritorious defense, and (3) that its motion for new trial was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

To satisfy the first prong of the *Craddock* test, appellant must provide some excuse, but not necessarily a good excuse, for his failure to answer and show that the act or omission was in fact accidental. *Craddock*, 133 S.W.2d at 125; *Jackson v. Mares*, 802 S.W.2d 48, 50 (Tex.App.—Corpus Christi 1990, writ denied). If the factual assertions in the defendant's affidavits are not controverted, the defendant satisfies his or her burden if the affidavits set forth facts that, if true, negate intent or conscious indifference. *Strackbein*, 671 S.W.2d at 38–39; *Litchfield v. Litchfield*, 794 S.W.2d 105, 106 (Tex. App.—Houston [1st Dist.] 1990, no writ); *Gotcher v. Barnett*, 757 S.W.2d 398, 401 (Tex. App.—Houston [14th Dist.] 1988, no writ).

---

**1.** *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939); *see also Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80 (Tex.1992); *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966).

In determining if the factual allegations are controverted, the court looks to all evidence in the record including the non-movant's affidavits and the evidence introduced at the hearing. *Director, State Employees Worker's Comp. Div. v. Evans,* 889 S.W.2d 266, 269 (Tex.1994).

■ In the present case, appellant alleged facts in his motion for new trial which show that his failure to answer was neither intentional nor due to conscious indifference on his part. Appellant's insurance company had been dealing with appellee's claims for almost a year and a half when she finally decided to sue him. Appellant knew that his insurance company had been handling the case up to that point. Appellant believed when he was served the citation that his insurance company would also be served and that they would handle the suit. Appellant was mistaken about that fact, but it does not appear that appellant intentionally failed to answer the suit or was consciously indifferent about it.

Furthermore, appellant's allegations in his motion for new trial and his attached affidavit are not contradicted by appellee. Appellee simply argues that appellant's actions amount to conscious indifference on his part, regardless of whether or not he believed that Allstate would handle the suit for him.

Appellee argues that failing to employ an attorney to help him understand that he must file an answer was inexcusable negligence on appellant's part, citing *Grammar v. Hobby,* 276 S.W.2d 311 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.). Appellee also argues that failing to answer a suit because of unfamiliarity with the legal process, and failing to seek out assistance in understanding that process, amounts to conscious indifference, citing *First Nat. Bank v. Peterson,* 709 S.W.2d 276, 279 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), and *Butler v. Dal Tex Mach. & Tool Co.,* 627 S.W.2d 258, 260 (Tex.App.—Fort Worth 1982, no writ). Appellee's reliance on these cases is misplaced.

Initially, we would note that *Grammar v. Hobby* may no longer be good law. *Grammar* states that four things must be shown before a default judgment will be set aside:

(1) that the failure to answer was not intentional or the result of conscious indifference, (2) that it was due to a mistake or an accident, (3) that the defendant show a meritorious defense, and (4) that the motion be filed at a time when granting it would not cause a delay or otherwise work an injury to the plaintiff. *Grammar,* 276 S.W.2d at 313. The Texas Supreme Court reiterated in *Bank One, Texas, N.A. v. Moody,* 830 S.W.2d 81, 82–83 (Tex.1992) that the *Craddock* test has only three elements, with the first element comprising both of the first two elements of the improper four-part test as outlined in *Grammar.*

*Moody* also appears to have overruled *Peterson. Peterson,* relying on *Butler v. Dal Tex. Mach. & Tool Co.,* held that a bank's failure to answer a writ of garnishment amounted to an intentional act or conscious indifference, and therefore upheld a default judgment against the bank. *Peterson,* 709 S.W.2d at 279. The Texas Supreme Court in *Moody* reached the opposite result, however, under nearly identical facts. *Moody,* 830 S.W.2d at 85.

In *Peterson,* the appellee served a writ of garnishment on a bank after obtaining a judgment against one of the bank's depositors. *Peterson,* 709 S.W.2d at 277. The bank froze the depositor's account, but did not file an answer to the writ. *Id.* The appellee then got a default judgment against the bank. *Id.* The bank sought a new trial, arguing that its failure to answer was a mistake and that it had a meritorious defense to the default judgment. *Id.* Several bank officers testified that they thought that freezing the account was all that was required of them. *Id.* at 278. The trial court denied the motion for new trial, finding that the bank's failure to answer was either intentional or due to conscious indifference. *Id.* The court of appeals affirmed the denial of the bank's motion for new trial, holding that, under *Butler v. Dal Tex Mach. & Tool Co.,* the bank's failure to file a written answer despite the instructions in the writ of garnishment to do so amounted to negligence and conscious indifference. *Peterson,* 709 S.W.2d at 279. The court in *Peterson* also noted that the bank had made no showing that it was ready,

willing and able to go to trial immediately, as required by *Craddock*. *Id.*

*Moody* involved the identical situation in which a creditor served a writ of garnishment on a bank after obtaining a judgment against his debtor, who was one of the bank's depositors. *Moody*, 830 S.W.2d at 81. The bank froze the depositor's account, but did not file an answer to the writ as required by law. *Id.* at 82. The bank president testified that, although the writ instructed him to file an answer, he believed that freezing the account was all that was required of him. *Id.* After the trial court entered a default judgment against the bank, the bank sought a new trial, arguing that its failure to file an answer was a mistake. *Id.* The Texas Supreme Court agreed. *Id.* at 85. The Supreme Court held that the bank's mistaken belief that freezing the account was all that it was required to do was a mistake of law, and that such a mistake could satisfy the first prong of the *Craddock* test. *Id.*

Finally, *Butler v. Dal Tex Mach. & Tool Co., Inc.*, 627 S.W.2d 258 (Tex.App.—Fort Worth 1982, no writ), is distinguishable from the case at bar. In *Butler*, the defendant in a suit for damages and sequestration failed to appear or file an answer, and a default judgment was entered against him. *Butler*, 627 S.W.2d at 259. The defendant sought a new trial based on his failure to answer being neither intentional nor due to conscious indifference. *See id.* The defendant claimed that he did not understand the citation, and thought he would be notified of a court date at some later time. *Id.* at 260. He also claimed that he did not understand that he needed to file a written answer, even though he read the citation. *Id.* He did not consult with an attorney, even though the constable who served him with the citation advised him to get an attorney. *Id.* The court held that, although a defendant need only provide a "slight excuse" for not timely filing an answer, this defendant had not shown that his actions were not intentional or the result of conscious indifference on his part. *Id.*

Although appellant in the present case does state that he did not understand the judicial process, that does not seem to be his primary reason for failing to answer. Appel-lant did not state that he failed to answer because he did not understand that an answer was required, as the defendant in *Butler* did. Rather, appellant stated that he believed his insurance company had been notified of the suit and would handle any necessary answer.

In *Butler*, the appellant could not justify on any basis his failure to answer the suit against him. He was not in the same situation as the appellant in the present case, who had been relying for almost a year and a half on his insurance company to handle the claims that arose from the car accident.

■ When a defendant relies on an agent to answer a suit and that agent fails to do so, in order to be entitled to a new trial, the defendant must show that the failure to answer was due to the mistake of the defendant *and* his agent and that both were free of conscious indifference. *Holt Atherton Industries, Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex.1992); *Harris v. Lebow*, 363 S.W.2d 184, 186 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). Appellant has shown through uncontroverted statements in his affidavit and those of his father and the insurance representative that neither he nor the insurance company intentionally failed to answer the suit, or failed to answer as a result of conscious indifference. Indeed, as soon as the insurance company was notified of the suit, it began preparing the file for outside defense counsel, and delivered the file to counsel within a week. Defense counsel filed an original answer the day after receiving the file. Appellant filed a timely motion for new trial, and was prepared to go to trial immediately. Appellant's insurance carrier, Allstate, was his agent and had the duty to represent him under the provision of the liability coverage.

Appellant met the requirements of the *Craddock* test by showing that the failure to answer was neither intentional nor due to conscious indifference, by setting up a meritorious defense to the suit, and by showing that setting aside the default judgment would work neither undue delay nor prejudice on the plaintiff. The trial court should have set aside the default judgment.

The decision of the trial court is RE-VERSED and the case REMANDED for new trial.