**PADRINO MARITIME, INC. Appellant,**

v.

**Ernesto RIZO, Appellee.**

**No. 13–01–641–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Jan. 22, 2004.

Richard S. Hoffman, Hoffman & Goza, Brownsville, Robert C. Oliver, Robert Sharpe, Houston, for appellant.

Anthony Troiani, Brownsville, Keith C. Livesay, McAllen, for appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and AMIDEI.[1]

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Padrino Maritime Inc., appeals a default judgment entered in favor of appellee, Ernesto Rizo. By three issues, appellant argues: (1) it was denied due process of law because it was given no notice of the default hearing; (2) the trial court erred in denying its motion for new trial; and (3) the trial court erred in applying Texas substantive law because appellee's claims were governed by general maritime law. We affirm.

### I. Facts and Procedural History

As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX.R.APP. P. 47.4.

### II. Discussion

#### A. No–Answer Default Judgment

■ By his first issue, appellant argues it was denied due process of law because it was given no notice of the default judgment hearing even though it made an appearance by filing its notice of bankruptcy.

■ A party makes a general appearance when "it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court...." *Dawson–Austin v. Austin,* 968 S.W.2d 319, 322 (Tex.1998). If a party has made an appearance, he must be given "notice of the trial setting as a matter of due process under the Fourteenth Amendment...." *LBL Oil Co. v. Int'l Power Serv.,* 777 S.W.2d 390, 391 (Tex.1989) (per curiam). A plaintiff may take a default judgment against a defendant at any time after a defendant is required to answer if the defendant has not previously answered and the return of citation is on file with the clerk for ten days. TEX.R. CIV. P. 107, 239; *R.T.A. Int'l, Inc. v. Cano,* 915 S.W.2d 149, 151 (Tex.App.-Corpus Christi 1996, writ denied). A default judgment may not be rendered after the defendant has filed an answer. *Davis v. Jefferies,* 764 S.W.2d 559, 560 (Tex.1989) (per curiam). It is reversible error to enter a default judgment when the defendant has filed an answer. *Jefferies v. Davis,* 759 S.W.2d 6, 8 (Tex.App.-Corpus Christi 1988, writ denied). Further, any "action taken in violation of the automatic stay is void, not merely voidable." *Cont'l Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988). The automatic stay deprives a state court of jurisdiction over the debtor. *Graham v. Pazos De La Torre,* 821 S.W.2d 162, 164 (Tex.App.-Corpus Christi 1991, writ denied).

Appellant argues that its notice of bankruptcy is sufficient to serve as an answer and appearance because it identified the

---

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon Supp.2004).

parties, the case, and was signed by appellant's attorney of record. *See Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex.1992) (per curiam) (holding that defendant's pro se response that was signed, identified parties and case, and provided current address was sufficient answer requiring notice of default hearing); *R.T.A. Int'l, Inc.*, 915 S.W.2d at 151–52 (finding appellant's timely filed response, signed by agent of corporation, listing defendant's address and cause number was sufficient answer to preclude default judgment even though answer was technically defective); *Handy Andy, Inc. v. Ruiz*, 900 S.W.2d 739, 742 (Tex.App.-Corpus Christi 1994, writ denied) (finding defendant's defective response to writ of garnishment sufficient answer to preclude default judgment because pleading was timely filed, had oath of agent of corporation, listed address, and responded to parts of plaintiff's questions).

However, the notice of bankruptcy stated that appellant filed for bankruptcy on May 19, 1999. The bankruptcy court modified the automatic stay on June 9, 2000, to allow appellee to proceed with his suit against appellant. Any action taken against appellant between May 19, 1999 and June 9, 2000 was void and without legal effect because the automatic stay barred the commencement of any proceedings against appellant that could have commenced before it filed for bankruptcy. *See* 11 U.S.C. § 362(a)(1) (2003); *Cont'l Casing Corp.*, 751 S.W.2d at 501. Therefore, appellant's notice of bankruptcy, even if liberally construed, cannot be considered an answer or appearance to appellee's original petition because appellee's original suit was a void action. See § 362(a)(1); *Cont'l Casing Corp.*, 751 S.W.2d at 501. The record also shows appellant failed to file an answer after citation and petition were reissued on August 30, 2000, and before the default judgment was entered on May 10, 2001.

■ Further, appellee was under no duty to give appellant notice of the default hearing on May 10, 2001 because appellant was properly served, and the citation and petition were on record for the required period of time prior to the entering of the default judgment. *See Novosad v. Cunningham*, 38 S.W.3d 767, 772–73 (Tex. App.-Houston [14th Dist.] 2001, no pet.) (stating "after a defendant is served with citation and petition, the plaintiff has no legal duty to notify the defendant before taking a default judgment on the causes of action asserted in the served petition"). We conclude the default judgment taken against appellant was proper. We overrule appellant's first issue.

## B.  Motion For New Trial

■ By its second issue, appellant argues the trial court should have set aside the default judgment and granted a new trial because appellant satisfied the *Craddock* requirements for a motion for new trial. We disagree.

■ We review a trial court's denial of a motion for new trial for an abuse of discretion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex.1984); *Moya v. Lozano*, 921 S.W.2d 296, 298 (Tex.App.-Corpus Christi 1996, no writ). A default judgment should be set aside and a new trial ordered if: (1) the defendant's failure to answer was not intentional, or the result of conscious indifference, but was due to mistake or accident; (2) the motion sets up a meritorious defense; and (3) the granting of the motion will not occasion delay or otherwise work an injury to the plaintiff. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987); *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 125 (1939); *Moya*, 921 S.W.2d at 298. An appellant seeking a new trial under *Craddock* must prove all three elements. *Free-*

*man v. Pevehouse,* 79 S.W.3d 637, 641 (Tex.App.-Waco 2002, no pet.). It is an abuse of discretion to deny a motion for new trial when the defendant satisfies the *Craddock* test. *Old Republic Ins. Co. v. Scott,* 873 S.W.2d 381, 382 (Tex.1994) (per curiam).

Conscious indifference is defined as "the failure to take some action that would seem obvious to a reasonable person in the same circumstance." *In re A.P.P.,* 74 S.W.3d 570, 573 (Tex.App.-Corpus Christi 2002, no pet.). The controlling factor under this analysis is "the absence of an intentional failure to answer." *Craddock,* 134 Tex. at 392, 133 S.W.2d 124; *In re A.P.P.,* 74 S.W.3d at 573. If an appellant relies on an agent to file an answer and the agent fails to do so, the appellant must show that the failure to answer was due to the mistake of the defendant and its agent and that both were free of conscious indifference. *Moya,* 921 S.W.2d at 300. Appellant must provide some excuse, but not necessarily a good excuse, to show that its failure to answer was accidental. *Craddock,* 134 Tex. at 391–92, 133 S.W.2d 124; *Moya,* 921 S.W.2d at 298.

Non-controverted factual allegations in the movant's motion for new trial and accompanying affidavits, if true, negate intent or conscious indifference. *See Jackson v. Mares,* 802 S.W.2d 48, 50 (Tex.App.-Corpus Christi 1990, writ denied). If the non-movant provides evidence showing conscious indifference by the appellant, then it becomes a fact question for the trial court to determine. *Id.* The court looks to all the evidence in the record to determine if appellant's allegations are controverted. *Moya,* 921 S.W.2d at 299.

The non-controverted facts show appellant's registered agent, Catherine Elmer, was personally served with citation on September 12, 2000. Appellee's attorney filed a motion for default judgment against appellant on October 20, 2000 and sent a copy of the motion to Richard Hoffman, appellant's attorney of record in the bankruptcy proceeding. The motion stated that appellant had failed to file an answer and that the deadline to file an answer had passed. On December 4, 2000, appellee's counsel notified Jeffrey Dickow, the insurance broker who secured appellant's insurance coverage with Heath, Aviation, Marine & Energy (Heath),[2] that appellant was removed from bankruptcy, that no one had come forward to defend the suit, and that the law firm to which the file had been sent, no longer existed. Dickow notified Malcolm Lupton[3] the following day. The record also affirmatively shows that on December 5, 2000 Heath, Dickow, and Hoffman were all aware that no one had filed an answer on behalf of appellant. Approximately five months passed between the time appellant's agents were aware that no answer was filed and the entering of the default judgment. Appellant's failure to answer for five months when its agents were aware that a default judgment was pending establishes its agents acted with conscious indifference. *See Craddock,* 134 Tex. at 392, 133 S.W.2d 124; *In re A.P.P.,* 74 S.W.3d at 573.

Further, appellant's assertion that its failure to file an answer between December 4, 2000 and April 19, 2001 was due to miscommunication does not negate that it acted with conscious indifference. On April 19, 2001, appellee's attorney notified John Fairfield, Heath's Divisional Director of Marine Claims, that no one had come forward to defend against appellee's law-

---

2.  Heath, Aviation, Marine & Energy was later succeeded by Heath Lambert Group.

3.  Lupton was responsible for forwarding Heath's insurance file.

suit and that appellant would suffer default judgment. On May 9, 2001, appellee sent Fairfield a notice that a default judgment was pending and that no one had come forward to defend the suit. The trial court entered a default judgment on May 10, 2001. An additional twenty-one days passed between April 19, 2001 and May 10, 2001, which was the date the trial court entered a default judgment. Appellant and its agents, aware that no action had been taken to defend against appellee's suit during the previous five months, again failed to file and answer on behalf of appellant. *See id.*

We conclude the trial court did not abuse its discretion in denying the motion for new trial because the record establishes that appellant's insurance agents and attorney of record acted with conscious indifference. *See Craddock,* 134 Tex. at 392, 133 S.W.2d 124; *In re A.P.P.,* 74 S.W.3d at 573. Appellant's second issue is overruled.

### C. Preemption

In appellant's final issue, it contends the trial court erred in applying Texas substantive law and awarding treble damages and attorney's fees. Appellant argues that maritime law, generally, and the Carriage of Goods by Sea Act and the Harter Act, specifically, preempt appellee's state law claims and prohibit the recovery of treble damages and attorney's fees. *See* 46 U.S.C. §§ 190, 1300.

Preemption affecting the choice of law, but not choice of forum, may be waived if not raised in a timely manner. *Gen. Chem. Corp. v. De La Lastra,* 852 S.W.2d 916, 919–20 (Tex.1993); *see Gorman v. Life Ins. Co. of N. Am.,* 811 S.W.2d 542, 545–47 (Tex.1991) (where ERISA's preemptive effect results in change of applicable law, as opposed to denial of state court jurisdiction, preemption is affirma-tive defense that is waived if not pled in defendant's answer). Because state courts have concurrent jurisdiction over maritime actions, maritime law does not affect the court's jurisdiction over the action, but merely prescribes the substantive law governing the action. *Gen. Chem. Corp.,* 852 S.W.2d at 920 (citing "savings to suitors" clause of 28 U.S.C. § 1333). Accordingly, preemption by maritime law is a choice of law argument, which can be waived if not pled in defendant's answer. *See id.; c.f. Gorman,* 811 S.W.2d at 547.

Here, appellant did not file a timely answer. Additionally, appellant raised the issue of preemption for the first time after the trial court entered the default judgment against it. We conclude appellant waived our review of this contention by failing to raise the issue in a timely manner before the trial court. Appellant's third issue is overruled.

### III. Conclusion

Having overruled all of appellant's issues, we affirm the trial court's decision.