NUMBER 13-01-641-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
PADRINO MARITIME, INC.                                                          Appellant,
v.
ERNESTO RIZO,                                                                            Appellee.



On appeal from the 357th District Court
of Cameron County, Texas.




 O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Amidei




 
                       Opinion by Chief Justice Valdez
          Appellant, Padrino Maritime Inc., appeals a default judgment entered in favor of
appellee, Ernesto Rizo. By three issues, appellant argues: (1) it was denied due process
of law because it was given no notice of the default hearing; (2) the trial court erred in
denying its motion for new trial; and (3) the trial court erred in applying Texas substantive
law because appellee’s claims were governed by general maritime law. We affirm. 
I. Facts and Procedural History
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.II. Discussion
A. No-Answer Default Judgment 
          By his first issue, appellant argues it was denied due process of law because it was
given no notice of the default judgment hearing even though it made an appearance by
filing its notice of bankruptcy. 
          A party makes a general appearance when “it invokes the judgment of the court on
any question other than the court’s jurisdiction; if a defendant’s act recognizes that an
action is properly pending or seeks affirmative action from the court . . . .” Dawson-Austin
v. Austin, 968 S.W.2d 319, 322 (Tex. 1998). If a party has made an appearance, he must
be given “notice of the trial setting as a matter of due process under the Fourteenth
Amendment . . . .” LBL Oil Co. v. Int’l Power Serv., 777 S.W.2d 390, 391 (Tex. 1989) (per
curiam). A plaintiff may take a default judgment against a defendant at any time after a
defendant is required to answer if the defendant has not previously answered and the
return of citation is on file with the clerk for ten days. Tex. R. Civ. P. 107, 239; R.T.A. Int’l,
Inc. v. Cano, 915 S.W.2d 149, 151 (Tex. App.–Corpus Christi 1996, writ denied). A default
judgment may not be rendered after the defendant has filed an answer. Davis v. Jefferies,
764 S.W.2d 559, 560 (Tex. 1989) (per curiam). It is reversible error to enter a default
judgment when the defendant has filed an answer. Jefferies v. Davis, 759 S.W.2d 6, 8
(Tex. App.–Corpus Christi 1988, writ denied). Further, any “action taken in violation of the
automatic stay is void, not merely voidable.” Cont’l Casing Corp. v. Samedan Oil Corp.,
751 S.W.2d 499, 501 (Tex. 1988). The automatic stay deprives a state court of jurisdiction
over the debtor. Graham v. Pazos De La Torre, 821 S.W.2d 162, 164 (Tex. App.–Corpus
Christi 1991, writ denied). 
          Appellant argues that its notice of bankruptcy is sufficient to serve as an answer and
appearance because it identified the parties, the case, and was signed by appellant’s
attorney of record. See Smith v. Lippman, 826 S.W.2d 137, 138 (Tex. 1992) (per curiam)
(holding that defendant’s pro se response that was signed, identified parties and case, and
provided current address was sufficient answer requiring notice of default hearing); R.T.A.
Int’l, Inc., 915 S.W.2d at 151-52 (finding appellant’s timely filed response, signed by agent
of corporation, listing defendant’s address and cause number was sufficient answer to
preclude default judgment even though answer was technically defective); Handy Andy,
Inc. v. Ruiz, 900 S.W.2d 739, 742 (Tex. App.–Corpus Christi 1994, writ denied) (finding
defendant’s defective response to writ of garnishment sufficient answer to preclude default
judgment because pleading was timely filed, had oath of agent of corporation, listed
address, and responded to parts of plaintiff’s questions). 
          However, the notice of bankruptcy stated that appellant filed for bankruptcy on May
19, 1999. The bankruptcy court modified the automatic stay on June 9, 2000, to allow
appellee to proceed with his suit against appellant. Any action taken against appellant
between May 19, 1999 and June 9, 1999 was void and without legal effect because the
automatic stay barred the commencement of any proceedings against appellant that could
have commenced before it filed for bankruptcy. See 11 U.S.C. § 362(a)(1) (2003); Cont’l
Casing Corp., 751 S.W.2d at 501. Therefore, appellant’s notice of bankruptcy, even if
liberally construed, cannot be considered an answer or appearance to appellee’s original
petition because appellee’s original suit was a void action. See § 362(a)(1); Cont’l Casing
Corp., 751 S.W.2d at 501. The record also shows appellant failed to file an answer after
citation and petition were reissued on August 30, 2000, and before the default judgment
was entered on May 10, 2001.
          Further, appellee was under no duty to give appellant notice of the default hearing
on May 10, 2001 because appellant was properly served, and the citation and petition were 
on record for the required period of time prior to the entering of the default judgment. See
Novosad v. Cunningham, 38 S.W.3d 767, 772-73 (Tex. App.–Houston [14th Dist.] 2001,
no pet.) (stating “after a defendant is served with citation and petition, the plaintiff has no
legal duty to notify the defendant before taking a default judgment on the causes of action
asserted in the served petition”). We conclude the default judgment taken against
appellant was proper. We overrule appellant’s first issue.
B. Motion For New Trial
          By its second issue, appellant argues the trial court should have set aside the
default judgment and granted a new trial because appellant satisfied the Craddock
requirements for a motion for new trial. We disagree.
          We review a trial court’s denial of a motion for new trial for an abuse of discretion. 
Strackbein v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984); Moya v. Lozano, 921 S.W.2d 296,
298 (Tex. App.–Corpus Christi 1996, no writ). A default judgment should be set aside and
a new trial ordered if: (1) the defendant’s failure to answer was not intentional, or the result
of conscious indifference, but was due to mistake or accident; (2) the motion sets up a
meritorious defense; and (3) the granting of the motion will not occasion delay or otherwise
work an injury to the plaintiff. Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987); 
Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 125 (Tex. 1939); Moya, 921
S.W.2d at 298. An appellant seeking a new trial under Craddock must prove all three
elements. Freeman v. Pevehouse, 79 S.W.3d 637, 641 (Tex. App.–Waco 2002, no pet.). 
It is an abuse of discretion to deny a motion for new trial when the defendant satisfies the
Craddock test. Old Republic Ins. Co. v. Scott, 873 S.W.2d 381, 382 (Tex. 1994) (per
curiam). 
          Conscious indifference is defined as “the failure to take some action that would
seem obvious to a reasonable person in the same circumstance.” In re A.P.P., 74 S.W.3d
570, 573 (Tex. App.–Corpus Christi 2002, no pet.). The controlling factor under this
analysis is “the absence of an intentional failure to answer.” Craddock, 133 S.W.2d at 392;
In re A.P.P., 74 S.W.3d at 573. If an appellant relies on an agent to file an answer and the
agent fails to do so, the appellant must show that the failure to answer was due to the
mistake of the defendant and its agent and that both were free of conscious indifference. 
Moya, 921 S.W.2d at 300. Appellant must provide some excuse, but not necessarily a
good excuse, to show that its failure to answer was accidental. Craddock, 133 S.W.2d at
391-92; Moya, 921 S.W.2d at 298.
          Non-controverted factual allegations in the movant’s motion for new trial and
accompanying affidavits, if true, negate intent or conscious indifference. See Jackson v.
Mares, 802 S.W.2d 48, 50 (Tex. App.–Corpus Christi 1990, writ denied). If the non-movant
provides evidence showing conscious indifference by the appellant, then it becomes a fact
question for the trial court to determine. Id. The court looks to all the evidence in the
record to determine if appellant’s allegations are controverted. Moya, 921 S.W.2d at 299. 
          The non-controverted facts show appellant’s registered agent, Catherine Elmer, was
personally served with citation on September 12, 2000. Appellee’s attorney filed a motion
for default judgment against appellant on October 20, 2000 and sent a copy of the motion
to Richard Hoffman, appellant’s attorney of record in the bankruptcy proceeding. The
motion stated that appellant had failed to file an answer and that the deadline to file an
answer had passed. On December 4, 2000, appellee’s counsel notified Jeffrey Dickow,
the insurance broker who secured appellant’s insurance coverage with Heath, Aviation,
Marine & Energy (Heath),


 that appellant was removed from bankruptcy, that no one had
come forward to defend the suit, and that the law firm to which the file had been sent, no
longer existed. Dickow notified Malcolm Lupton


 the following day. The record also
affirmatively shows that on December 5, 2000 Heath, Dickow, and Hoffman were all aware
that no one had filed an answer on behalf of appellant. Approximately five months passed
between the time appellant’s agents were aware that no answer was filed and the entering
of the default judgment. Appellant’s failure to answer for five months when its agents were
aware that a default judgment was pending establishes its agents acted with conscious
indifference. See Craddock, 133 S.W.2d at 392; In re APP, 74 S.W.3d at 573. 
          Further, appellant’s assertion that its failure to file an answer between December
4, 2000 and April 19, 2001 was due to miscommunication does not negate that it acted
with conscious indifference. On April 19, 2001, appellee’s attorney notified John Fairfield,
Heath’s Divisional Director of Marine Claims, that no one had come forward to defend
against appellee’s lawsuit and that appellant would suffer default judgment. On May 9,
2001, appellee sent Fairfield a notice that a default judgment was pending and that no one
had come forward to defend the suit. The trial court entered a default judgment on May
10, 2001. An additional twenty-one days passed between April 19, 2001 and May 10,
2001, which was the date the trial court entered a default judgment. Appellant and its
agents, aware that no action had been taken to defend against appellee’s suit during the
previous five months, again failed to file and answer on behalf of appellant. See id. 
          We conclude the trial court did not abuse its discretion in denying the motion for new
trial because the record establishes that appellant’s insurance agents and attorney of
record acted with conscious indifference. See Craddock, 133 S.W.2d at 392; In re A.P.P.,
74 S.W.3d at 573. Appellant’s second issue is overruled. 
C. Preemption
          In appellant’s final issue, it contends the trial court erred in applying Texas
substantive law and awarding treble damages and attorney’s fees. Appellant argues that
maritime law, generally, and the Carriage of Goods by Sea Act and the Harter Act,
specifically, preempt appellee’s state law claims and prohibit the recovery of treble
damages and attorney’s fees. See 46 U.S.C. §§ 190,1300. 
          Preemption affecting the choice of law, but not choice of forum, may be waived if
not raised in a timely manner. Gen. Chem. Corp. v. De La Lastra, 852 S.W.2d 916, 919-20
(Tex. 1993); see Gorman v. Life Ins. Co. of N. Am., 811 S.W.2d 542, 545-47 (Tex. 1991)
(where ERISA’s preemptive effect results in change of applicable law, as opposed to denial
of state court jurisdiction, preemption is affirmative defense that is waived if not pled in
defendant’s answer). Because state courts have concurrent jurisdiction over maritime
actions, maritime law does not affect the court’s jurisdiction over the action, but merely
prescribes the substantive law governing the action. Gen. Chem. Corp., 852 S.W.2d at
920 (citing “savings to suitors” clause of 28 U.S.C. § 1333). Accordingly, preemption by
maritime law is a choice of law argument, which can be waived if not pled in defendant’s
answer. See id.; c.f. Gorman, 811 S.W.2d at 547.
          Here, appellant did not file a timely answer. Additionally, appellant raised the issue
of preemption for the first time after the trial court entered the default judgment against it. 
We conclude appellant waived our review of this contention by failing to raise the issue in
a timely manner before the trial court. Appellant’s third issue is overruled.
III. Conclusion
          Having overruled all of appellant’s issues, we affirm the trial court’s decision. 
    
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Opinion delivered and filed
this 22nd day of January, 2004.