74 S.W.3d 570 (2002)
In the Interest of A.P.P., a Minor Child.
No. 13-01-627-CV.
Court of Appeals of Texas, Corpus Christi.
May 2, 2002.
Rehearing Overruled May 30, 2002.
*572 Cynthia T. Sheppard, Attorney At Law, Cuero, Houston Munson, III, Munson, Burns, Munson & Munson, Attorneys At Law, Gonzales, for Appellant.
Tom Robinson, Attorney At Law, Gonzales, for Appellee.
Before Chief Justice VALDEZ and Justices DORSEY and RODRIGUEZ.

OPINION
Opinion by Justice RODRIGUEZ.
Appellant, the biological mother of A.P.P., a minor child, brings this appeal following a default judgment removing her as sole managing conservator of A.P.P., and naming appellee, the biological father of A.P.P., joint managing conservator. By three issues, appellant generally contends the trial court erred by ordering a default judgment and denying her motion for new trial. We reverse and remand.

I. BACKGROUND
On February 7, 1997, by final decree in a paternity suit, appellant was appointed sole managing conservator of A.P.P. and appellee was appointed possessory conservator. On May 30, 2000, appellant and appellee agreed to an order modifying the parent-child relationship whereby appellee's visitation was changed and his monthly child-support payments were increased. On May 29, 2001, appellee filed a petition to modify the parent-child relationship. In the petition, appellee alleged that appointing him as sole managing conservator would be a positive improvement for A.P.P. In the alternative, *573 he requested to be appointed joint managing conservator. Appellant was served with a citation and copy of the petition on May 30, 2001; making her answer due June 25, 2001. She did not file an answer. On July 10, 2001, the trial court found appellant in default and entered an order modifying the parent-child relationship. The order removed appellant as managing conservator, and appointed appellant and appellee as joint managing conservators with appellee having the exclusive right to establish primary residence. Appellant filed a motion for new trial with accompanying affidavits. The trial court denied the motion and made findings of fact and conclusions of law.[1] This appeal ensued.

II. MOTION FOR NEW TRIAL
By her first issue, appellant contends her motion for new trial should have been granted because she satisfied the Craddock elements. See Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

A. Standard of Review
As the trial court has wide discretion in denying a motion for new trial, we will not disturb its ruling absent of an abuse of discretion. See Dir., State Emps. Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex.1994); Coastal Banc SSB v. Helle, 48 S.W.3d 796, 800 (Tex.App.-Corpus Christi 2001, pet. denied). However, a trial court abuses its discretion by not granting a new trial when all three elements of the Craddock test are met. Evans, 889 S.W.2d at 268; Bank One, Tex., N.A. v. Moody, 830 S.W.2d 81, 85 (Tex. 1992). Under Craddock, a trial court should set aside a default judgment and order a new trial in any case in which:
(1) the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to mistake or accident; (2) provided the motion for new trial sets up a meritorious defense; and (3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.
Craddock, 133 S.W.2d at 126.

B. Conscious Indifference
Courts have applied the first Craddock prong liberally, and each case depends on its own facts. See Gotcher v. Barnett, 757 S.W.2d 398, 401 (Tex.App.-Houston [14th Dist.] 1988, no writ); Harlen v. Pfeffer, 693 S.W.2d 543, 545 (Tex. App.-San Antonio 1985, no writ). Generally, when a party relies on an agent or representative to file an answer, the party must establish that the failure to answer was not intentional or the result of conscious indifference of either the party or the agent. Estate of Pollack v. McMurrey, 858 S.W.2d 388, 391 (Tex.1993). Conscious indifference is the failure to take some action that would seem obvious to a reasonable person in the same circumstance. See Norton v. Martinez, 935 S.W.2d 898, 901 (Tex.App.-San Antonio 1996, no writ); Johnson v. Edmonds, 712 S.W.2d 651, 652-53 (Tex.App.-Fort Worth 1986, no writ). The defaulting party must provide some excuse, but not necessarily a good excuse, for failing to answer in a timely manner. See Norton, 935 S.W.2d at 901; Gotcher, 757 S.W.2d at 401. The absence of an intentional failure to answer is the controlling factor under this analysis. See Craddock, 133 S.W.2d at 125. If the factual assertions in the defaulting party's motion and affidavits are not controverted, *574 the defaulting party satisfies its burden if it sets forth facts that, if true, negate intent or conscious indifference. Evans, 889 S.W.2d at 269; Strackbein v. Prewitt, 671 S.W.2d 37, 38-39 (Tex.1984). In determining if the defaulting party's factual assertions are controverted, the court looks to all the evidence in the record. Evans, 889 S.W.2d at 269.
In the instant case, appellant filed an affidavit indicating her failure to answer was not intentional or the result of conscious indifference, but was due to mistake. Appellant explained that when she received notice of appellee's petition to modify, she planned on setting an appointment with her attorney to deliver the notice to him, but was unable to because of her work schedule. Instead, appellant gave the notice and petition to a co-worker, and instructed her to deliver the documents to appellant's attorney's office. Upon appellant's return from a business trip, the co-worker informed appellant that she had delivered the notice. Appellant did not think any further action was needed.
Appellant's attorney also attached an affidavit to her motion for new trial. He stated that after he found a default judgment had been taken against appellant, he discovered someone had delivered the notice to his office. The notice was delivered while he was out of town and was inadvertently placed in appellant's old file. It had not been brought to the attorney's attention.
Appellee filed a response to appellant's motion for new trial with an attached affidavit that controverts some of appellant's claims. Appellee controverts appellant's assertion that she filed suit against appellee to establish paternity and order child support. However, appellee does not controvert appellant's factual allegations regarding her failure to answer. See Evans, 889 S.W.2d at 269 (holding non-movant did not specifically controvert the statement of movant's belief); Moody, 830 S.W.2d at 85 (same); see also Young v. Kirsch, 814 S.W.2d 77, 80 (Tex.App.-San Antonio 1991, no writ) ("where factual allegations in a movant's affidavits as to conscious indifference are not controverted....") (emphasis added). Appellee also attempts to controvert appellant's assertions by questioning what she failed to do. For instance, appellee questions why appellant never called her attorney, or why she "thought so little of the petition that she sent a co-worker to deliver it instead of making a personal appearance." These questions are not relevant because they do not controvert the factual assertions that the notice was delivered to appellant's attorney's office and that it was inadvertently misplaced. "[T]he test for determining whether a new trial should be granted is the parties' intentional failure or conscious indifference, rather than mere acts of negligence." Miller, 903 S.W.2d 45, 48 (Tex. App.-Tyler 1995, no writ); see O'Hara v. Hexter, 550 S.W.2d 379, 382 (Tex.Civ.App.-Dallas 1977, writ ref'd n.r.e.). We conclude appellant's factual assertions negating an intentional failure to answer or conscious indifference were not controverted. Therefore, appellant has satisfied the first prong of Craddock.

C. Meritorious Defense
To satisfy the second prong of the Craddock test, the defaulting party must set up a meritorious defense by alleging facts, supported by an affidavit or other evidence, which in law would constitute a defense to the cause of action pled by the plaintiff. See McMurrey, 858 S.W.2d at 392; Lowe v. Lowe, 971 S.W.2d 720, 724 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). A meritorious defense is one that, if proven, would cause a different *575 result on the retrial of the case. Gen. Elec. Capital Auto Fin. Leasing Servs. v. Stanfield, 71 S.W.3d 351, 357 (Tyler 2000, pet. denied). A party is not required to prove the truth of a meritorious defense before the party is entitled to a new trial. Id. The court should not deny the motion on the basis of any contradictory evidence that is offered by the opposing party. See Evans, 889 S.W.2d at 270; Stanfield, at 357; Jackson v. Mares, 802 S.W.2d 48, 51 (Tex.App.-Corpus Christi 1990, writ denied).
This second prong is difficult to apply in a suit affecting the parent-child relationship where the primary issue before the court is the best interest of the child. See Lowe, 971 S.W.2d at 724-727. Nonetheless, some factors to be considered in determining the best interest of the child include:
(a) the desires of the child; (b) the emotional and physical needs of the child now and in the future; (c) the emotional and physical danger to the child now and in the future; (d) the parental abilities of the individuals seeking custody; (e) the programs available to assist these individuals to promote the best interest of the child; (f) the plans for the child by these individuals or the agency seeking custody; (g) the stability of the home or proposed placement; (h) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (i) any excuse for the acts or omissions of the parent.
See Holley v. Adams, 544 S.W.2d 367, 372 (Tex.1976); Lowe, 971 S.W.2d at 724.
In this case, appellant alleges it would not be in the best interest of A.P.P. for appellee to have joint managing conservatorship. Appellant states that she has been the sole managing conservator of A.P.P. and has had possession of her since her birth. She also states that she has made arrangements for A.P.P. to attend a private parochial school.[2] Because one of the factors in determining a child's best interest includes the stability of the home, see Holley, 544 S.W.2d at 372, we find these facts are some evidence that, if proven at trial, would entitle appellant to retain sole managing conservatorship. See McMurrey, 858 S.W.2d at 392; Lowe, 971 S.W.2d at 724. Therefore, appellant set up a meritorious defense and satisfied the second prong of the Craddock test.

D. Delay or Injury
To satisfy the third prong of the Craddock test, appellant must establish that the granting of her motion for new trial would not occasion a delay or otherwise work an injury to appellee. See Craddock, 133 S.W.2d at 126; Helle, 48 S.W.3d at 801. In determining whether delay or injury will occur to the plaintiff, the court considers whether the movant has offered to reimburse the non-movant for the costs involved in obtaining a default judgment and whether the defendant is ready, willing, and able to go to trial. See Angelo v. Champion Rest. Equip. Co., 713 S.W.2d 96, 98 (Tex.1986).
In the instant case, appellant claimed that a new trial would neither delay nor prejudice appellee. She also stated she is ready for trial and is ready and willing to reimburse appellee for all reasonable expenses incurred in obtaining the default judgment. Having alleged that *576 the granting of a new trial will not injure appellee, the burden shifts to appellee. See Evans, 889 S.W.2d at 270. Appellee, however, has failed to offer any evidence of injury or delay. Because appellee has failed to rebut appellant's showing of no injury, appellant has satisfied the third prong of the Craddock test. See id.; Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987). Accordingly, her first issue is sustained.[3]

III. CONCLUSION
Because appellant has satisfied all three elements of the Craddock test, we find the trial court abused its discretion in overruling appellant's motion for new trial and in failing to set aside the default judgment. See Evans, 889 S.W.2d at 268. Accordingly, we reverse the judgment of the trial court and remand this case for trial on the merits.
NOTES
[1] When the facts underlying a default judgment are disputed, the trial court may, but is not required to, make findings in support of its ruling. See Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 940 (Tex.App.-Austin 1987, no writ).
[2] Although appellee attempted to controvert this statement and an additional statement about forcing appellee to pay child support in a previous suit, a meritorious defense is set up by the facts alleged by appellant in her motion and affidavit, regardless of whether or not the facts are controverted. See Dir., State Emps. Workers' Comp. Div. v. Evans, 889 S.W.2d 266, 270 (Tex.1994).
[3] Because of our disposition of the first issue, we need not address the remaining issues. See Tex.R.App. P. 47.1.