NUMBER 13-02-208-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
MARIA DEL CARMEN LARA AND LUCIO GUERRA,              Appellants,
v.
ROMEO ROSALES,                                                                       Appellee.



On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.




 O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez 
          Appellants, Maria Del Carmen Lara and Lucio Guerra, appeal a no-answer default
judgment awarding appellee, Romeo Rosales, $125,000 in actual damages and
$18,562.50 in prejudgment interest. By two issues, appellants contend the trial court erred
when it denied their motion for new trial because: (1) they satisfied the Craddock test; and
(2) service of process against Lara was defective. We reverse and remand for a new trial. 
I. Facts and Procedural History
          On November 19, 1999, Lara rear-ended appellee’s vehicle while he was stopped
at a stop sign. The vehicle Lara was driving was owned by her grandfather, Lucio Guerra. 
Guerra was not involved in the car accident. Appellee filed suit on September 4, 2001
alleging that Lara was negligent in her operation of the motor vehicle, and claiming Guerra
negligently entrusted Lara with his vehicle. Guerra was served with process at his home
in Pharr, Texas on November 8, 2001. Lara was served with process on December 5,
2001 at her home in Lynchburg, Virginia. Appellants failed to file an answer, and a default
judgment was entered against them on January 9, 2002.
II. Discussion
          By appellants’ first issue, they argue the trial court abused its discretion in denying
their motion for new trial because they satisfied the Craddock test for setting aside a
default judgment. See Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124, 126 (Tex.
1939). 
          A trial court’s ruling on a motion for new trial will not be disturbed absent an abuse
of discretion. Cliff v. Huggins, 724 S.W.2d 778, 779 (Tex. 1987). Under the Craddock test,
a default judgment will be set aside and a new trial ordered if: (1) the defendant’s failure
to answer was not intentional, or the result of conscious indifference, but was due to a
mistake or accident; (2) the motion sets up a meritorious defense; and (3) the motion is
filed at a time when granting the motion would not delay or injure the plaintiff. See id. at
779; Craddock, 133 S.W.2d at 126; Moya v. Lozano, 921 S.W.2d 296, 298 (Tex.
App.–Corpus Christi 1996, no writ). A trial court abuses its discretion by denying a motion
for new trial when all three elements of Craddock have been met. Dir., State Employees
Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). We now consider
whether appellants satisfied the Craddock test.
A. Conscious Indifference
          Some excuse, but not necessarily a good excuse, is sufficient to set aside a default
judgment, so long as the failure to file an answer was accidental. See Craddock, 133
S.W.2d at 125; Jackson v. Mares, 802 S.W.2d 48, 50 (Tex. App.–Corpus Christi 1990, writ
denied). The controlling factor under the first prong of Craddock is the absence of an
intentional failure to answer. Craddock, 133 S.W.2d at 125; In re A.P.P., 74 S.W.3d 570,
573 (Tex. App.–Corpus Christi 2002, no pet.). Further, if the factual allegations in a
movant’s affidavit are not controverted, “it is sufficient that the motion and affidavit set forth
facts which, if true, would negate intentional or consciously indifferent conduct.” Strackbein
v. Prewitt, 671 S.W.2d 37, 38 (Tex. 1984); Jackson, 802 S.W.2d at 50. If the non-movant
presents evidence at trial showing conscious indifference, then it becomes a question for
the trial court to determine. Jackson, 802 S.W.2d at 50. 
          Here, the uncontroverted factual allegations show that Guerra, who was not involved
in the accident and not fluent in English, relied on his granddaughter to “take care of the
problem.” Lara, who was living in Lynchburg, Virginia, stated in her affidavit that she
unsuccessfully attempted to contact her insurance company as soon as she was aware of
the suit. Further, Lara’s affidavit shows that she traveled to Texas from Virginia to attend
the hearing on the motion for the entry of a default judgment. The record and
uncontroverted affidavits shows that Lara and Guerra both attended the default hearing
without an attorney in an attempt to answer appellee’s allegations. However, they were not
allowed to answer or respond to appellee’s allegations. 
          Guerra’s conduct and reliance on Lara to take care of the suit establishes that he
did not act with conscious indifference because he was not involved in the car accident,
was not fluent in English, and attended the default judgment hearing in order to respond
to appellee’s allegations. Further, Lara’s actions also show that she did not act with
conscious indifference because she traveled from Lynchburg, Virginia to attend the default
judgment hearing in order to avoid a default judgment. We find appellants’ affidavits and
motion sufficient to establish they did not act with conscious indifference. See Craddock,
133 S.W.2d at 125; In re A.P.P., 74 S.W.3d at 573.
B. Meritorious Defense
          A meritorious defense is established “by alleging facts, supported by an affidavit or
other evidence, which in law would constitute a defense to the cause of action pled by the
plaintiff.” In re A.P.P., 74 S.W.3d at 574-75. It is a defense “that, if proved, would cause
a different result upon a retrial of the case, although it need not be a totally opposite result.” 
Jackson, 802 S.W.2d at 51. The movant is not required to prove the truth of a meritorious
defense before trial, and the motion for new trial should not be denied on the basis of
contradictory evidence offered by the non-movant. In re A.P.P., 74 S.W.3d at 575. 
          Here, Guerra’s affidavit states that he let Lara, his granddaughter, use his car
because she was a licensed, careful, and competent driver. Further, appellants’ motion
for new trial stated appellee’s own negligence may have caused the accident because he
“initially started to proceed through the intersection [and then] suddenly stopped and
caused the accident.” We find that appellants’ alleged facts, which if proven, would
constitute a meritorious defense to appellee’s causes of action. See Jackson, 802 S.W.2d
at 51.
C. Delay or Injury
          Under the third prong of Craddock, the court balances an equitable principle in
determining if granting a new trial would unduly delay or injure the non-movant. Dir., State
Employees Workers’ Comp. Div., 889 S.W.2d at 270. The movants’ willingness to go trial
immediately, and their offer to pay the default judgment expenses are important, but not
dispositive factors. Id. at 270 n3. The purpose of the final Craddock factor is to prevent
“undue delay or injury that would disadvantage [the appellee] in presenting the merits of
their case at a new trial, such as a loss of witnesses or other valuable evidence.” Id. at
270; Jackson, 802 S.W.2d at 52.
          Here, appellants stated they could proceed immediately to trial and offered to
reimburse appellee for the costs of obtaining a default judgment. See Dir., State
Employees Workers’ Comp. Div., 889 S.W.2d at 270. Further, appellee did not contend
that granting a new trial would prevent him from presenting the merits of his case, or that
he would lose witnesses or other valuable testimony. See id.; Jackson, 802 S.W.2d at 52. 
We find appellants established that granting a new trial would not unduly delay or prejudice
appellee. 
          Accordingly, we find the trial court abused its discretion when it denied appellants’
motion for new trial because appellants met the Craddock test. 
III. Conclusion
          Having sustained appellants’ first issue, it is not necessary to address appellants’ 
remaining issue. See Tex. R. App. P. 47.1. We reverse and remand this case for a new
trial.    
    
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Opinion delivered and filed
this 19th day of February, 2004.