**Maria Del Carmen LARA and Lucio Guerra, Appellants,**

v.

**Romeo ROSALES, Appellee.**

No. 13–02–208–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Feb. 19, 2004.

Rehearing Overruled April 8, 2004.

Moises M. Salas, Jr., Brownsville, Susan Renee Sullivan, Griffith, Saenz & Hill, McAllen, for appellants.

Jose R. Guerrero, Montalvo & Ramirez, McAllen, for appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

### OPINION

Opinion by Chief Justice VALDEZ.

Appellants, Maria Del Carmen Lara and Lucio Guerra, appeal a no-answer default judgment awarding appellee, Romeo Rosales, $125,000 in actual damages and $18,562.50 in prejudgment interest. By two issues, appellants contend the trial court erred when it denied their motion for new trial because: (1) they satisfied the *Craddock* test; and (2) service of process against Lara was defective. We reverse and remand for a new trial.

### I. Facts and Procedural History

On November 19, 1999, Lara rear-ended appellee's vehicle while he was stopped at a stop sign. The vehicle Lara was driving was owned by her grandfather, Lucio Guerra. Guerra was not involved in the car accident. Appellee filed suit on September 4, 2001 alleging that Lara was negligent in her operation of the motor vehicle, and claiming Guerra negligently entrusted Lara with his vehicle. Guerra was served with process at his home in Pharr, Texas on November 8, 2001. Lara was served with process on December 5, 2001 at her home in Lynchburg, Virginia. Appellants failed to file an answer, and a default judgment was entered against them on January 9, 2002.

### II. Discussion

By appellants' first issue, they argue the trial court abused its discretion in denying their motion for new trial because they satisfied the *Craddock* test for setting aside a default judgment. *See Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939).

■ A trial court's ruling on a motion for new trial will not be disturbed absent an abuse of discretion. *Cliff v. Huggins,* 724 S.W.2d 778, 779 (Tex.1987). Under the *Craddock* test, a default judgment will be set aside and a new trial ordered if: (1) the defendant's failure to answer was not intentional, or the result of conscious indifference, but was due to a mistake or accident; (2) the motion sets up a meritorious defense; and (3) the motion is filed at a time when granting the motion would not delay or injure the plaintiff. *See id.* at 779; *Craddock,* 133 S.W.2d at 126; *Moya v. Lozano,* 921 S.W.2d 296, 298 (Tex.App.-Corpus Christi 1996, no writ). A trial court abuses its discretion by denying a motion for new trial when all three elements of *Craddock* have been met. *Dir., State Employees Workers' Comp. Div. v. Evans,* 889 S.W.2d 266, 268 (Tex.1994). We now consider whether appellants satisfied the *Craddock* test.

### A. Conscious Indifference

█ Some excuse, but not necessarily a good excuse, is sufficient to set aside a default judgment, so long as the failure to file an answer was accidental. *See Craddock,* 133 S.W.2d at 125; *Jackson v. Mares,* 802 S.W.2d 48, 50 (Tex.App.-Corpus Christi 1990, writ denied). The controlling factor under the first prong of *Craddock* is the absence of an intentional failure to answer. *Craddock,* 133 S.W.2d at 125; *In re A.P.P.,* 74 S.W.3d 570, 573 (Tex.App.-Corpus Christi 2002, no pet.). Further, if the factual allegations in a movant's affidavit are not controverted, "it is sufficient that the motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct." *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984); *Jackson,* 802 S.W.2d at 50. If the non-movant presents evidence at trial showing conscious indifference, then it becomes a question for the trial court to determine. *Jackson,* 802 S.W.2d at 50.

Here, the uncontroverted factual allegations show that Guerra, who was not involved in the accident and not fluent in English, relied on his granddaughter to "take care of the problem." Lara, who was living in Lynchburg, Virginia, stated in her affidavit that she unsuccessfully attempted to contact her insurance company as soon as she was aware of the suit. Further, Lara's affidavit shows that she traveled to Texas from Virginia to attend the hearing on the motion for the entry of a default judgment. The record and uncontroverted affidavits shows that Lara and Guerra both attended the default hearing without an attorney in an attempt to answer appellee's allegations. However, they were not allowed to answer or respond to appellee's allegations.

Guerra's conduct and reliance on Lara to take care of the suit establishes that he did not act with conscious indifference because he was not involved in the car accident, was not fluent in English, and attended the default judgment hearing in order to respond to appellee's allegations. Further, Lara's actions also show that she did not act with conscious indifference because she traveled from Lynchburg, Virginia to attend the default judgment hearing in order to avoid a default judgment. We find appellants' affidavits and motion sufficient to establish they did not act with conscious indifference. *See Craddock,* 133 S.W.2d at 125; *In re A.P.P.,* 74 S.W.3d at 573.

### B. Meritorious Defense

█ A meritorious defense is established "by alleging facts, supported by an affidavit or other evidence, which in law would constitute a defense to the cause of action pled by the plaintiff." *In re A.P.P.,* 74 S.W.3d at 574–75. It is a defense "that, if proved, would cause a different result upon a retrial of the case, although it need not be a totally opposite result." *Jackson,* 802 S.W.2d at 51. The movant is not required to prove the truth of a meritorious defense before trial, and the motion for new trial should not be denied on the basis of contradictory evidence offered by the non-movant. *In re A.P.P.,* 74 S.W.3d at 575.

Here, Guerra's affidavit states that he let Lara, his granddaughter, use his car because she was a licensed, careful, and competent driver. Further, appellants' motion for new trial stated appellee's own negligence may have caused the accident because he "initially started to proceed through the intersection [and then] suddenly stopped and caused the accident." We find that appellants' alleged facts, which if proven, would constitute a meritorious defense to appellee's causes of action. *See Jackson,* 802 S.W.2d at 51.

## C. Delay or Injury

■ Under the third prong of *Craddock*, the court balances an equitable principle in determining if granting a new trial would unduly delay or injure the non-movant. *Dir., State Employees Workers' Comp. Div.*, 889 S.W.2d at 270. The movants' willingness to go to trial immediately, and their offer to pay the default judgment expenses are important, but not dispositive factors. *Id.* at 270 n. 3. The purpose of the final *Craddock* factor is to prevent "undue delay or injury that would disadvantage [the appellee] in presenting the merits of their case at a new trial, such as a loss of witnesses or other valuable evidence." *Id.* at 270; *Jackson*, 802 S.W.2d at 52.

Here, appellants stated they could proceed immediately to trial and offered to reimburse appellee for the costs of obtaining a default judgment. *See Dir., State Employees Workers' Comp. Div.*, 889 S.W.2d at 270. Further, appellee did not contend that granting a new trial would prevent him from presenting the merits of his case, or that he would lose witnesses or other valuable testimony. *See id.; Jackson*, 802 S.W.2d at 52. We find appellants established that granting a new trial would not unduly delay or prejudice appellee.

Accordingly, we find the trial court abused its discretion when it denied appellants' motion for new trial because appellants met the *Craddock* test.

## III. Conclusion

Having sustained appellants' first issue, it is not necessary to address appellants' remaining issue. *See* Tex.R.App. P. 47.1. We reverse and remand this case for a new trial.