ACCEPTED
01-15-00355-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/31/2015 10:39:43 AM
CHRISTOPHER PRINE
CLERK

ORAL ARGUMENT REQUESTED

NO: 01-15-00355-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/31/2015 10:39:43 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS

FOR THE FIRST DISTRICT OF TEXAS

B & SONS CONSTRUCTION LLC

Appellant

v.

ROOD HOLDINGS, LLC

Appellee

BRIEF OF THE APPELLANT

PETER COSTEA
TBN 04855900
Three Riverway, Suite 1800
Houston, Texas 77056
Tel. 713-337-4304
Fax 713-659-5302
ATTORNEY FOR APPELLANT
B & SONS CONSTRUCTION LLC

## IDENTITY OF PARTIES AND COUNSEL

Appellant: B & SONS CONSTRUCTION LLC

Counsel: Peter Costea
Three Riverway, Suite 1800
Houston, Texas 77056
Tel. 713-337-4304
Fax 713-659-5302
Email: peter@costealaw.com


Appellee: ROOD HOLDINGS LLC

Counsel: Christina R. Johnson
Gregory T. Brewer
FIDELITY NATIONAL LAW GROUP
5151 Beltway Road, Suite 410
Dallas, Texas 75254
Tel. 972-812-9400
Fax 972-812-9408
Email:     Christina.johnson@fnf.com


Trial Court: Hon. Alexandra Smoots-Hogan, Judge Presiding
164th Judicial District Court
Harris County Civil Courthouse
201 Caroline, Twelfth Floor
Houston, Texas 77002
Tel. 713-368-6264

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES ....................................... i

TABLE OF CONTENTS ..................................................... ii

TABLE OF AUTHORITIES .................................................. iii

STATEMENT OF THE CASE ................................................ 1

ISSUES PRESENTED ..................................................... 2

STATEMENT OF FACTS .................................................... 3

    The Underlying Suit ................................................. 3

    Service of Process and B & Sons ..................................... 4

STANDARD OF REVIEW .................................................. 6

SUMMARY OF THE ARGUMENT AND
ARGUMENT ........................................................... 7

    Motion for New Trial ............................................... 7

    No Service of Process Was Accomplished .............................. 7

    The Law ........................................................ 9

CONCLUSION: ........................................................ 14

PRAYER ............................................................. 14

CERTIFICATE OF SERVICE .............................................. 14

CERTIFICATE OF COMPLIANCE ......................................... 15

APPENDIX ........................................................... 16

# TABLE OF AUTHORITIES

## *CASES*

Alexander v. Lynda's Boutique, 134 SW3d 845 (Tex. 2004) ........................ 10

Cliff v. Huggins, 724 SW2d 778 (Tex. 1987) ............................................. 6

Comm's of Contracts v. Arriba Ltd, 882 SW2d 576
 (Tex.App.-Houston [1st Dist.] 1994) ......................................... 13

Evans v. Woodward, 669 SW2d 154 (Tex.App.-Dallas 1984) ...................... 12

Fidelity and Guaranty Insurance Company v. Drewery Construction
Company, 186 SW3d 571 (Tex. 2006) ......................................... 7

Goode v. Shoukfeh, 943 SW2d 441 (Tex. 1997) ......................................... 6

Jaco v. Rivera, 278 SW3d 872-873
 (Tex.App.-Houston[14th Dist.] 2009) ......................................... 10

Lara v. Rosales, 159 SW3d 121
 (Tex.App.-Corpus Christi 2004) ............................................... 11

Levine v. Shackelford, Melton & McKinley, LLP,
 248 SW3d 166 (Tex. 2008) ..................................................... 11

L.M. Healthcare, Inc. v. Childs, 929 SW2d 442 (Tex. 1996) ...................... 7

Martinez v. Valencia, 824 SW2d 719 (Tex.App.-El Paso 1992) ................... 11

Mathis v. Lockwood, 166 SW3d 743 (Tex. 2005) ....................................... 6

Peralta v. Heights Medical Center, Inc.,
 485 US 80, 108 S.Ct. 896, 99 L.Ed2d 75 (1988) .......................... 9

PNS Stores, Inc. v. Rivera, 379 SW3d 3d 267 (Tex. 2012) ......................... 10

Royal Surplus Lines Insurance Company v. Samaria Baptist Church,
 840 SW2d 382 (Tex. 1992) ..................................................... 13

iii.

State Farm Life Insurance Company v. Mosharaf,
794 SW2d 578 (Tex.App.-Houston [1st Dist.] 1990) ........................... 12

Strackbein v. Prewitt, 671 SW2d 37 (Tex. 1984) ............................................. 6

Taylor v. State, 293 SW3d 913 (Tex.App.-Austin 2009) ............................... 13

Titan Indemnification Company v. Old Southern Insurance Group, Inc.,
221 SW3d 703 (Tex.App.-San Antonio 2006) ...................................... 7

Triad Contractors, Inc. v. Kelly,
809 SW2d 683 (Tex.App.-Beaumont 1991) ......................................... 12

Wood v. Brown, 819 SW2d 799 (Tex. 1991) ................................................. 7

iv.

ORAL ARGUMENT REQUESTED

NO: 01-13-01005-CV

IN THE COURT OF APPEALS

FOR THE FIRST DISTRICT OF TEXAS

B & SONS CONSTRUCTION LLC

Appellant

v.

ROOD HOLDINGS, LLC

Appellee

BRIEF OF THE APPELLANT

TO THE HONORABLE COURT OF APPEALS:

Appellant B & Sons Construction LLC ("B & Sons") respectfully moves the Court of Appeals to Reverse the Final Judgment of Default signed by the Trial Court against B & Sons and in favor of Rood Holdings LLC ("Rood") on January 22, 2015. (Tab B)

STATEMENT OF THE CASE

Page 2

This case began on October 10, 2013 as an action for breach of contract and related claims by United Rentals (North America), Inc. ("United") against various parties, including Rood Holdings, LLC, Appellee. (CR 3-12)

On April 8, 2014 Rood countersued United to quiet title and for declaratory judgment. (CR 26-70)

On April 28, 2014 Rood filed a Third Party Petition against B & Sons Construction LLC and other parties. The cause of action against B & Sons was to quiet title and for declaratory judgment. (SCR 69-80)

On November 17, 2014 Rood filed a Motion for Default Judgment against B & Sons. (CR 96-102)

On December 10, 2014 the Trial Judge signed an Order of Default Judgment against B & Sons. (CR 105-107) (Tab A)

On January 22, 2015 the Trial Judge signed an Order dismissing certain Defendants and making the December 10, 2014 Interlocutory Default Judgment against B & Sons "final and appealable." (CR 108-109) (Tab B)

On February 10, 2015 B & Sons filed a Motion for New Trial which the Trial Judge denied on March 11, 2015. (CR 112-120, 126) (Tab C)

B & Sons timely appealed on April 18, 2015. (CR 127-128) (Tab D)

## ISSUES PRESENTED

Did the Trial Court err in refusing to set aside the default judgment?

## STATEMENT OF FACTS

### The Underlying Suit

This action was filed originally on October 10, 2013 by United against VR Wood ("Wood"), the owners and principals of VR Wood, and Rood. (CR 3-12) United claimed it sold, rented, or delivered to Wood goods and equipment for which Wood did not pay and remained delinquent as of the time the suit was filed. United further claimed that the goods and equipment it sold Wood had been used by Wood to build an industrial park at 11810 Messa Drive in Houston, Texas. United placed a lien on the industrial park which at some point was sold to Rood. Rood took over the industrial park subject to United's lien. Thereafter, United looked to Rood to secure payment for the goods and equipment it sold to Wood. Rood failed to pay, and United sued Rood on October 10, 2013. (CR 3-12)

B & Sons did the construction work on the industrial park for which it was not paid. Accordingly, on February 14, 2013 it filed a Mechanic's and Materialman's Lien on the property, valued at $430,329.00. (CR 55-58) By February 14, 2013 the owner of the property was Rood.

On April 28, 2014 Rood sued B & Sons. (SCR 69-80) It alleged that on January 15, 2013 it purchased the property where the industrial park was located.

Page 4

(CR 78) On February 14, 2013 B & Sons filed its lien (CR 55-58), but United only filed its lien on May 20, 2013. (CR 79, 60-62) Rood sued B & Sons to quiet title and to remove the cloud on the property. It alleged that "a genuine dispute exists as to the title of the Property," as between Rood and B & Sons. (CR 83) Its action was also denominated as one for declaratory judgment seeking to have the court declare Rood as "the legal or equitable owner of the Property." (CR 84)

Service of Process on B & Sons

Rood attempted to serve B & Sons. Rood's Third Party Petition recited that B & Sons' registered office was located at 600 Shane Street, Houston, Texas 77037, and that the Registered Agent at that address was Larry Pham. (SCR 70)

On September 10, 2014 Rood filed a Motion for Substituted Service on B & Sons, claiming that it had been unsuccessful in serving B & Sons in June 2014. Three (3) service attempts were made at 600 Shane Street and four (4) at 522 Shane Street where the process server believed Pham resided. The process server averred in his July 2, 2014 Affidavit in Support of Motion for Alternate Service, he believed service should be had at 522 Shane Street. (SCR 8) ("It is my belief that" B & Sons "would receive effective notice of this suit by leaving a copy of the Citation ...with anyone over the age of sixteen ... at place of abode 522 Shane Street, Houston, Texas 77037") (SCR 8)

However, on September 24, 2014 the court signed an Order granting Rood's Motion for Substituted Service directing, without explaining, that service be had at 600 Shane Street, not 522 Shane Street, by leaving the citation and petition at that address with anyone over the age of sixteen (16); by posting a copy of the petition and citation at that address; and by mailing by certified mail "and/or" regular mail a copy of the citation and petition at that address. (CR 90-92) (Tab E)

On November 17, 2014 Rood filed a Motion for Default Judgment against B & Sons. It claimed on October 13, 2014 its process server "personally" delivered the citation and petition to Pham, "by posting a copy of the citation" and the petition to the front door at 600 Shane Street. (CR 93, SCR 122, Affidavit of Larry Rodriguez). Apparently, no service was attempted, as ordered by the court, by certified mail, regular mail, or by leaving the citation and the petition with anyone over the age of sixteen (16) at that address. Notably, the Affidavit of Larry Rodriguez does not state that Pham was served "personally." (CR 93, SCR 122)

On December 10, 2014 the court signed an Order Granting Default Judgment as to Third Party Defendant B & Sons Construction LLC. (CR 105-107; Tab A) The court's December 10, 2014 Order stipulated that the default judgment was not "final and not appealable." (CR 107)

Page 6

On January 22, 2015 the court signed another Order dismissing Wood from the suit without prejudice. However, the court's January 22, 2015 Order also stated that the "Interlocutory Default Judgment against B & Sons Construction entered on December 10, 2014" was "Final and Appealable." (CR 108-109; Tab B)

On February 10, 2015 B & Sons filed a Motion for New Trial (SCR 132-150) supported by the Affidavit of Larry Pham. (SCR 148-150) Pham's Affidavit explained that he had not been served with process, nor was he alerted by anyone at either 600 Shane Street or 522 Shane Street that a process server had been looking for him or that any legal documents had been seen, found, or affixed on the door of the property at 600 Shane Street.

## STANDARD OF REVIEW

A trial court's denial of a motion for new trial is reviewed for abuse of discretion. Strackbein v. Prewitt, 671 SW2d 37, 38 (Tex. 1984). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles. Goode v. Shoukfeh, 943 SW2d 441, 446 (Tex. 1997). To set aside a default judgment and receive a new trial the defendant need only show that his failure to appear was not the result of intentional disregard or conscious indifference. Cliff v. Huggins, 724 SW2d 778, 779 (Tex. 1987); Mathis v. Lockwood, 166 SW3d 743, 746 (Tex. 2005).

## SUMMARY OF THE ARGUMENT AND ARGUMENT

Motion for New Trial

A default judgment may be attacked by way of a motion for new trial. L.M. Healthcare, Inc. v. Childs, 929 SW2d 442, 443 (Tex. 1996). Where a defendant is not served with citation and the petition, the default judgment is to be set aside. Wood v. Brown, 819 SW2d 799 (Tex. 1991) ("A default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements.") Also, the trend in Texas jurisprudence is toward liberally granting new trials following default. Titan Indemnification Company v. Old Southern Insurance Group, Inc., 221 SW3d 703, 708 (Tex.App.-San Antonio 2006). Likewise, the Texas Supreme Court has ruled that a default judgment must generally be set aside without further showing where the defendant never received service of process. Fidelity and Guaranty Insurance Company v. Drewery Construction Company, 186 SW3d 571, 574 (Tex. 2006).

No Service of Process Was Accomplished

According to the Affidavit of Larry Pham, B & Sons was never served with the citation or the petition. (SCR 148-150) Neither he nor anyone at 600 Shane Street saw the citation or the petition affixed to the door at 600 Shane Street. Pham does not reside at that address. No employees of B & Sons work there. The house

Page 8

at 600 Shane Street is inhabited by Pham's uncle and his grandmother. His grandmother is old, in her 80s, and does not read or speak English. Moreover, it would have been impossible for the process server to post the citation and petition on the front door at 600 Shane Street because the front door of the house is about 30 feet from the gate. To reach the house, the process server would have had to go through the gate and the gate was kept locked. (SCR 148-149) Yet, the Affidavit of Joseph Rodriguez states he posted the citation and petition "to the front door at 600 Shane Street," not on the iron gate. Likewise, but unexplainably, Rood's Motion for Default affirmatively states that Pham was served "personally." (CR 93, SCR 122) He was not.

It is not clear from the process server's Affidavit how the citation and petition ended up being posted or fastened to the door as opposed to the gate. It is possible that certain individuals may have found the documents but did not understand their significance because they did not read or speak English. It also is possible the citation and petition may have fallen to the ground, or been swept away by the wind or rain. This is a possibility since the citation and petition were not posted in a place as to protect them against the wind or the weather. It also is to be noted that the posting by the process server was done late at night, at 7:30 p.m. This allows for the possibility that the citation and the petition may not have been

Page 9

visible to the person or persons who opened the door or the gate. Regardless of what might have occurred, it is clear that neither the citation nor the petition reached Pham. No one reported to him the existence on the property, or the finding on the property, of any legal documents related to this suit. Likewise, he did not find a business card or notification from the process server on the door at 600 Shane Street or 522 Shane Street. Nor was he presented with any such business card or notification by anyone on the premises. (SCR 148-149)

As for the phone number which the process server claims he tried to reach Pham, it had not been in use for about three (3) years. (SCR 149)

Suffices to conclude then that the citation and petition never reached Pham. Nor was he served "personally" as the Motion for Default Judgment stated. He only became aware of the suit after December 10, 2014 when the clerk of the court mailed a notice to 600 Shane Street that a default judgment had been taken against B & Sons. (SCR 149)

The Law

The US Supreme Court has ruled that "a judgment entered without notice or service is constitutionally infirm." Peralta v. Heights Medical Center, Inc., 485 US 80, 108 S.Ct. 896, 99 L.Ed2d 75 (1988). The Texas Supreme Court relied on Peralta to hold that a default judgment "is void if the defects in service are so

substantial that the defendant was not afforded due process." PNS Stores, Inc. v. Rivera, 379 SW3d 3d 267, 375 (Tex. 2012). Here, Rood did not serve B & Sons with citation or petition, or with the motion for default, or with the notice of hearing on its motion for default. Had Rood done so, it could have alerted B & Sons of the pending litigation against it.

In Alexander v. Lynda's Boutique, 134 SW3d 845, 848 (Tex. 2004), the Texas Supreme Court ruled that "there are no presumptions in favor of valid issuance, service, and return of citation." In 2006 the Texas Court revisited the issue in Fidelity, supra. It attempted to simplify matters by asking a very simple question that goes to the crux of how default judgments can be taken and how they are to be set aside: "these procedures focus on what has always been and always should be the critical question in any default judgment 'Why did the defendant not appear?' ... If the answer to this critical question is 'Because I didn't get the suit papers,' the default generally must be set aside." Id at 572.

B & Sons answers this "critical question" as follows: "I didn't get the suit papers." (See Affidavit of Larry Pham, SCR 148-150) Hence, the default judgment of December 10, 2014 taken against it should be set aside. Jaco v. Rivera, 278 SW3d 872-873 (Tex.App.-Houston[14th Dist.] 2009) (where the defendant is not served the default judgment must be set aside)

Fidelity is further relevant in additional respects. The Fidelity defendant had actually been served through its registered agent but the "suit papers" had been lost or misplaced in transit from the agent to the defendant. Fidelity's motion for new trial had been denied and the court of appeals affirmed. However, the Texas Court reversed. It recited a number of cases where it "has often set aside default judgments when papers were misplaced, though no one knew precisely how." Essentially, Fidelity established a fairly liberal standard for setting aside default judgments. It concluded its analysis by stating that "an excuse [for setting aside a default judgment] need not be good to suffice." At the opposite end, the standard for affirming default judgments is conscious indifference not negligence. Levine v. Shackelford, Melton & McKinley, LLP, 248 SW3d 166, 168 (Tex. 2008). Even a "slight excuse" may justify granting a new trial. Lara v. Rosales, 159 SW3d 121, 124 (Tex.App.-Corpus Christi 2004).

There is evidence that some of the individuals residing at 600 Shane Street did not speak English. One court has found this particularity sufficient to set aside a default judgment. Martinez v. Valencia, 824 SW2d 719 (Tex.App.-El Paso 1992) (defendants, who were unable to read English, mistakenly believed the suit papers related to a pending settlement).

Page 12

Similarly, there is the potential that the citation and petition might have been lost. This is another circumstance under which a default judgment may be set aside. Triad Contractors, Inc. v. Kelly, 809 SW2d 683, 684 (Tex.App.-Beaumont 1991) (citation and petition were lost in the insurer's office).

Default judgments have also been set aside even where the suit papers were lost while in the custody or possession of sophisticated persons. State Farm Life Insurance Company v. Mosharaf, 794 SW2d 578, 582 (Tex.App.-Houston [1st Dist.] 1990) (papers misrouted in the insurer's office and mistakenly filed without being reviewed); Evans v. Woodward, 669 SW2d 154, 155 (Tex.App.-Dallas 1984) ("confusion" in the attorney's office).

The cases the Texas Supreme Court cited in Fidelity in setting aside default judgments were cases where defendant had actually been served with the "suit papers," but the "suit papers" had been lost or misplaced.

The situation is even more excusable here: B & Sons had never been served. B & Sons first learned of the existence of the suit after receiving the notice of default judgment from the court and then acted promptly to protected itself against the default judgment becoming enforceable.

Rood has not presented any controverting evidence to Pham's rendition of the events supporting the conclusion that he had not been served.

It also bears emphasizing that service in this case was not by personal delivery on Larry Pham, but by substitute service. Texas law prefers personal service over substituted service. Taylor v. State, 293 SW3d 913, 915-915 (Tex.App.-Austin 2009) The trial judge's September 24, 2014 Order for Substituted Service identified four methods of substituted service. (CR 94-95) Rood's Motion for Default states, erroneously, that Rood served B & Sons on October 13, 2014 by "personally delivering" the citation and petition to Pham "by posting a copy of the citation ... to the front door at 600 Shane Street, Houston, Harris County, Texas 77037." Rood could not have served B & Sons both by personally serving Pham and, additionally, by posting the citation on the door. Pham's Affidavit clearly states he was not served personally. (SCR 148-150) And the affidavit of the process server does not indicate that Pham was served personally either, only that the citation was posted on the front door of the house. (CR 93, SCR 122)

Notably as well, substituted service was not attempted at 522 Shane Street where the process server believed Pham resided, but at 600 Shane Street. Substituted service might have worked had it been attempted at 522 Shane Street where Pham lives. (SCR 149) See, Comm's of Contracts v. Arriba Ltd, 882 SW2d 576, 586-589 (Tex.App.-Houston [1st Dist.] 1994) (default judgment set aside when wrong address was used for substituted service); Royal Surplus Lines

Insurance Company v. Samaria Baptist Church, 840 SW2d 382, 383 (Tex. 1992) (default judgment based on substituted service set aside because citation was sent to the wrong address).

## CONCLUSION

B & Sons was not served with the suit. The trial judge erred in denying B & Sons' Motion for New Trial and in failing to set aside the default judgment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, B & Sons respectfully moves the court of appeals to reverse the denial of its Motion for New Trial.

Respectfully submitted,

BY: //ss// *peter costea*

_____

TBN 04855900
Three Riverway, Suite 1800
Houston, Texas 77056
Tel. 713-337-4304
Fax 713-659-5302
ATTORNEY FOR APPELLANT
B & SONS CONSTRUCTION, LLC

## CERTIFICATE OF SERVICE

I certify that on August 29, 2015 a true and correct copy of the foregoing pleading was served electronically by the clerk of the court on counsel for all parties, Ms. Christina R. Johnson, Fidelity National Law Group, 5151 Beltline Road, Suite 410, Dallas, Texas 75254; and Mr. Tracey L. Cloutier, Matthews, Stein, Shiels, Knott, Eden & Davis LLP, 8131 LBJ Freeway, Suite 700, Dallas,

Texas 75251.

*//ss// **peter costea***

_____

Peter Costea

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(2)(B) and Local Rule 32.3, the undersigned certifies:

1.      This Brief complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4(i)(2)(B) because: it contains 2,962 words, excluding the parts of the Brief exempt by Texas Rule of Appellate procedure 9.4(i)(2)(B).

2.      The undersigned has provided an electronic version of the Brief to both the court and opposing counsel. If the Court requests, a copy of the word or line printout will be provided.

3.      The undersigned understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in Texas Rule of Appellate Procedure 9.4(i)(2)(B) may result in the Court striking the Brief and imposing sanctions against the person signing the Brief.

*//ss// **peter costea***

_____

Peter Costea

# **A P P E N D I X**

1.    Order Granting Default Judgment as to Third Party Defendant B & Sons Construction LLC (December 10, 2014) (Tab A)

2.    Order Granting Rood Holdings, L.L.C.'s Motion to Dismiss Third Party Defendant VNF Inc. d/b/a VR Wood Inc. and Son Kim Nguyen Without Prejudice (January 22, 2015) (Tab B)

3.    Order Denying Motion for New Trial of Third Party Defendant B & Sons Construction, LLC (March 11, 2015) (Tab C)

4.    The Notice of Appeal of Third Party Defendant B & Sons Construction LLC (April 18, 2015) (Tab D)

5.    Order Granting Third Party Plaintiff Rood Holdings, L.L.C.'s Motion for Substituted Service on Third-Party Defendant B & Sons Construction, LLC (September 24, 2104) (Tab E)

# TAB A

CAUSE NO. 2013-60986

| | | |
|---|---|---|
| UNITED RENTALS (NORTH AMERICA), INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | |
| VR WOOD, INC., HUONG KIM NGUYEN, also known as HUONG K. NGUYEN, also known as HUONG NGUYEN, INDIVIDUALLY, and ROOD HOLDINGS, L.L.C. | § § § § § § § | 164TH JUDICIAL DISTRICT |
| Defendants, | § § | |
| vs. | § § | |
| VNF INC. d/b/a VR WOOD INC., SON KIM NGUYEN, and B & SONS CONSTRUCTION, LLC, | § § § § | |
| Third Party Defendants. | § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING DEFAULT JUDGMENT AS TO THIRD PARY DEFENDANT B & SONS CONSTRUCTION, LLC

Be it remembered that on this date _____, Third Party Plaintiff, Rood Holdings, L.L.C 's Motion for Default Judgment Against Third Party Defendant B & Sons Construction, LLC came to be heard in the above-entitled and numbered cause  The Court finds that Third Party Defendant B & Sons Construction, LLC was properly served by citation in the manner prescribed by law and that the proof of service has been on file with the Clerk of Court at least ten days, excluding the day of filing and today  The Court, upon consideration of pleadings, official records on file in this cause, and the evidence tendered by Third Party Plaintiff, is of the opinion that default judgment should be rendered for Plaintiff

1       The Court finds that as a result of Defendant B & Sons Construction, LLC's failure to

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

answer. he has admitted the factual allegations in Third Party Plaintiff's Original Third Party Petition Specifically, B & Sons Construction, LLC has admitted the following

a.     This lawsuit concerns competing claims to real property legally described as.

> All that certain 86.01 acre tract of land situated in the Whitney Britton Survey, Abstract No. 117, Harris County, Texas, our of and a part of Blocks Nineteen (19) and Twenty (20), of HOUSTON SUBURBAN HEIGHTS, a subdivision in Harris County, Texas according to the map or plat thereof, recorded in Volume 3, Page 10, of the Map records of Harris County, Texas.

("Property"),

b     Rood Holdings, L.L C owns an interest in the Property via its January 15, 2013 purchase from VNF, Inc Rood Holdings, L L C 's General Warranty Deed was recorded on January 17, 2013 in the Official Public Records of Harris County and having document number 20130025105,

c.     B & Sons Construction, LLC claims an interest in the Property that is adverse to Rood Holdings, L L C ,

d     At the time Rood Holdings, L L C purchased the Property, it did not have actual or constructive knowledge that B & Sons Construction, LLC claimed any interest in the Property as B & Sons Construction, LLC did not file its Mechanic and Materialman's Lien Affidavit until February 14, 2013 with the Harris County Clerk (Document Number 20130071709) approximately a month after Rood Holdings, L L C purchased the Property,

2.     On Plaintiff's claim for quiet title against B & Sons Construction, LLC, the Court finds as follows

IT IS DECLARED that Third Party Plaintiff, Rood Holdings, L L C holds the superior interest in and to the Property,

IT IS FURTHER DECLARED that Rood Holdings, L L C is the legal or equitable owner of the Property;

IT IS FURTHER DECLARED that title to the Property is quieted in Third Party Plaintiff, Rood Holdings, L L C 's name alone, as against the claims of B & Sons Construction, LLC's and that the Mechanic and Materialman's Lien Affidavit filed on February 14, 2013 with the Harris County Clerk (Document No. 20130071709) is void and does not encumber the Property,

IT IS ORDERED that a copy of this Default Judgment be recorded in the official real property record of Harris County, Texas, and

IT IS ORDERED that Rood Holdings, L L C is entitled to reasonable and necessary attorney's fees in the following amounts·

- $2,092 50 through the conclusion of this cause in the trial court,

- $10,000 00 in the event of an unsuccessful appeal by the B & Sons Construction, LLC to the Court of Appeals,

- $5,000 00 in the event of an unsuccessful Petition for Review in the Texas Supreme Court by the Defendant's and

- $5,000 00 in the event of an oral argument in the Texas Supreme Court in which Rood Holdings, L L C prevails

This Default Judgment, by itself, is not final and not appealable, and does not dispose of all claims and parties in this litigation  To wit, Third Party Plaintiff still has outstanding claims against Third Party Defendants VR Inc  d/b/a VR Wood Inc. and Son Kim Nguyen

DEC 1 0 2014

SIGNED this __10th__ day of __December_____, 2014.

JUDGE PRESIDING

107

# TABB

1/16/2015 3:33:14 PM
Chris Daniel - District Clerk
Harris County
Envelope No· 3802905
By· HENDERSON, MARCELLA L

CAUSE NO. 2013-60986

| | | |
|---|---|---|
| UNITED RENTALS (NORTH AMERICA), INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| vs. | § § | |
| VR WOOD, INC., HUONG KIM NGUYEN, also known as HUONG K. NGUYEN, also known as HUONG NGUYEN, INDIVIDUALLY, and ROOD HOLDINGS, L.L.C. | § § § § § § § | 164TH JUDICIAL DISTRICT |
| Defendants, | § § | |
| vs. | § § | |
| VNF INC. d/b/a VR WOOD INC., SON KIM NGUYEN, and B & SONS CONSTRUCTION, LLC, | § § § § | |
| Third Party Defendants. | § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING ROOD HOLDINGS, L.L.C'S MOTION TO DISMISS THIRD-PARTY DEFENDANTS VNF INC. d/b/a VR WOOD INC. AND SON KIM NGUYEN WITHOUT PREJUDICE

On this Day, _____, 2015, came to be considered, Defendant/ Third-Party Plaintiff Rood Holdings, L L C 's Motion to Dismiss Third Party Defendants VNF Inc d/b/a VR Wood Inc and Son Kim Nguyen Without Prejudice, in the above-numbered and entitled Cause  The Court, having been advised that Defendant/ Third-Party Plaintiff Rood Holdings, L L C no longer desires to prosecute its claims brought against Third-Party Defendants VNF Inc d/b/a VR Wood Inc and Son Kim Nguyen, hereby GRANTS the Motion to Dismiss Without Prejudice

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that

*Order GRANTING Rood Holdings' Motion to Dismiss without Prejudice*

Page 1 of 2

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

108

Defendant/ Third-Party Plaintiff Rood Holdings, L L C claims brought against the Third-Party Defendants VNF Inc d/b/a VR Wood Inc and Son Kim Nguyen in the above-numbered and entitled Cause Number are hereby Dismissed, without prejudice

**IT IS FURTHER ORDERED** that the Partial Dismissal with Prejudice between Plaintiff and Defendant Rood Holdings that was entered on August 8, 2014, the Interlocutory Default Judgment against VR Wood, Inc and Huong Kim Nguyen entered on May 29, 2014 and the Interlocutory Default Judgment against B & Sons Construction entered on December 10, 2014 are now Final and Appealable Orders

All costs of court not previously addressed in the prior Orders are taxed against the parties who incurred the same

Signed this 22 day of January, 2015.

_____
PRESIDING JUDGE

# TAB C

2/19/2015 9:19:59 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 4204991
By: HENDERSON, MARCELLA L
Filed: 2/18/2015 3:46:48 PM

CAUSE NO. 2013-60986

| | | |
|---|---|---|
| UNITED RENTALS (NORTH AMERICA), INC., | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| vs. | § § | |
| VR WOOD, INC., HUONG KIM NGUYEN, also known as HUONG K. NGUYEN, also known as HUONG NGUYEN, INDIVIDUALLY, and ROOD HOLDINGS, L.L.C. | § § § § § § § § | 164TH JUDICIAL DISTRICT |
| Defendants, | § § § | |
| vs. | § § | |
| VNF INC. d/b/a VR WOOD INC., SON KIM NGUYEN, and B & SONS CONSTRUCTION, LLC, | § § § § | |
| Third Party Defendants. | § | HARRIS COUNTY, TEXAS |

## ORDER DENYING MOTION FOR NEW TRIAL OF THIRD PARTY DEFENDANT B & SONS CONSTRUCTION, LLC

Upon considering the arguments of counsel via submission on February 23, 2015, the Court hereby ORDERS, that Motion for New Trial of Third Party Defendant B & Sons Construction, LLC is hereby DENIED.

The Court further ORDERS that the default judgment entered against B & Sons Construction, LLC on December 10, 2014 is not set aside and remains in full force and effect.

SIGNED on the _11_ day of _March_, 2015.

PRESIDING JUDGE

ORDER DENYING B & SON'S MOTION FOR NEW TRIAL          PAGE 1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging
126

# TABE



9/15/2014 1:43:28 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 2492378
By: WILLIAMS, CHANDA D

CAUSE NO.: 2013-60986

| | | |
|---|---|---|
| UNITED RENTALS (NORTH AMERICA), INC., | § § § § | IN THE DISTRICT COURT $\rho2$ |
| Plaintiff, | § § | |
| vs. | § § § | |
| VR WOOD, INC., HUONG KIM NGUYEN, also known as HUONG K. NGUYEN, also known as HUONG NGUYEN, INDIVIDUALLY, and ROOD HOLDINGS, L.L.C. | § § § § § § § | 164TH JUDICIAL DISTRICT |
| Defendants, | § § | |
| vs. | § § § | |
| VNF INC. d/b/a VR WOOD INC., SON KIM NGUYEN, and B & SONS CONSTRUCTION, LLC, | § § § § § | |
| Third Party Defendants. | § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING THIRD-PARTY PLAINTIFF ROOD HOLDINGS, L.L.C.'S MOTION FOR SUBSTITUTED SERVICE ON THIRD-PARTY DEFENDANT B & SONS CONSTRUCTION, LLC.

ON THIS DAY, came to be considered, Third-Party Plaintiff, Rood Holdings, L L C.'s (hereinafter "Third-Party Plaintiff/Rood Holdings"), Motion for Substituted Service of Process on Third-Party Defendant B & Sons Construction, LLC (hereinafter "B & Sons Construction") After considering Third-Party Plaintiff's Motion and the supporting evidence, the Court finds that Third-Party Plaintiff's attempts to locate and serve B & Sons Construction have been unsuccessful despite Third-Party Plaintiff's due diligence and that the Substitute Service requested in Third-Party Plaintiff's Motion will be reasonably effective to give Third-Party Defendant, B & Sons Construction, proper notice of the suit.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that Third-Party

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging
94

Plaintiff, Rood Holdings, L.L.C.'s Motion for Substituted Service is hereby GRANTED and the Court hereby authorizes substituted service on Third-Party Defendant, B & Sons Construction, LLC, by one of the following methods.

1) Leaving a true copy of the Citation, along with the Petition with anyone more than sixteen years of age at 600 Shane Street, Houston, Texas 77037.

2) Securely attaching a copy of the Citation, along with the Petition on the front door or on the front gate of the property at 600 Shane Street, Houston, Texas 77037

3) By mailing a copy of the Citation along with the Petition, by certified mail (return receipt requested) and/or by regular mail to the registered agent's office at 600 Shane Street, Houston, Texas 77037

4) By any alternative method which the Court deems as reasonably effective to give Third-Party Defendant B & Sons Construction notice of the suit.

Signed on this the _24th_ day of _September_, 2014.

HONORABLE PRESIDING JUDGE

95

# T A B D

4/18/2015 1:04:36 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4943496
By: Phyllis Washington
Filed: 4/20/2015 12:00:00 AM

Cause Nr.: 2013-60986

| | | |
|---|---|---|
| UNITED RENTALS (NORTH AMERICA), INC. | S | IN THE DISTRICT COURT |
| Plaintiff | S | |
| | S | |
| | S | |
| v. | S | |
| | S | |
| VR WOOD, INC., HUONG KIM NGUYEN, also known as HUONG K. NGUYEN, also known as HUONG NGUYEN, INDIVIDUALLY, and ROOD HOLDINGS, L.L.C., | S | HARRIS COUNTY, TEXAS |
| Defendants | S | |
| | S | |
| v. | S | |
| | S | |
| VNF INC. d/b/a VR WOOD INC., SON KIM NGUYEN, and B & SONS CONSTRUCTION, LLC, | S | |
| Third Party Defendants | S | 164TH JUDICIAL DISTRICT |

## THE NOTICE OF APPEAL OF THIRD PARTY DEFENDANT B & SONS CONSTRUCTION, LLC

TO THE HONORABLE STATE DISTRICT JUDGE:

Third Party Defendant B & Sons Construction, LLC hereby appeals to the First or the Fourteenth Court of Appeals of the State of Texas the Final Judgment signed by the district judge on January 22, 2015.

Respectfully submitted,

BY: //ss// *peter costea*

TBN 04855900
Three Riverway, Suite 1800
Houston, Texas 77056
Tel. 713-337-4304
Fax 713-659-5302
ATTORNEY FOR THIRD PARTY DEFENDANT
B & SONS CONSTRUCTION, LLC

127

## CERTIFICATE OF SERVICE

I certify that on April 18, 2015 a true and correct copy of the foregoing pleading was served electronically by the clerk of the court on counsel for all parties, Ms. Ashley A. Smith, 5151 Belt Line Road, Suite 410, Dallas, Texas 75254; Ms. Misti L. Beanland, Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P., 8131 LBJ Freeway, Suite 700, Dallas, Texas 75251; and Ms. Christina R. Johnson, Fidelity National Law Group, 5151 Beltline Road, Suite 410, Dallas, Texas 75254.

//ss// *peter costea*

_____
Peter Costea